A91A0403. O'NEAL v. THE STATE.
(406 SE2d 247)

BEASLEY, Judge.

O'Neal was prosecuted as a recidivist, OCGA § 17-10-7, for violation of the Georgia Controlled Substances Act by possessing cocaine with intent to distribute, OCGA § 16-13-30 (b), and by possessing less than one ounce of marijuana, OCGA § 16-13-2 (b). He appeals following conviction of the drug charges and denial of his motion for new trial. He challenges the court's refusal to suppress evidence seized from his person and his car without warrant. He enumerates that the trial court erred in "finding probable cause justifying the stop of [O'Neal] in his vehicle" and in allowing the evidence despite the lack of either a search warrant or an arrest warrant.

The substance of the challenge is not reached because the basis for the trial court's denial of suppression was the court's determina-

tion that the motion to suppress was untimely.[1] The record shows that the motion to suppress was not filed until the course of trial, two days after the jury was selected and sworn and approximately four months after O'Neal had been arraigned, appointed counsel, and given an additional 15 days to file any motions and pleas. During that time, O'Neal filed several motions but did not file a motion to suppress even though evidence of the stop and search had already been presented at a parole revocation hearing several weeks prior to arraignment on the drug charges. See *Van Huynh v. State*, 258 Ga. 663, 664 (2) (373 SE2d 502) (1988); *State v. Grandison*, 192 Ga. App. 473 (385 SE2d 139) (1989); *Stansifer v. State*, 166 Ga. App. 785, 788 (3) (305 SE2d 481) (1983); *Burney v. State*, 159 Ga. App. 651 (285 SE2d 49) (1981). Cf. *Thomas v. State*, 118 Ga. App. 359, 360 (2) (163 SE2d 850) (1968); *Maness v. State*, 159 Ga. App. 707 (285 SE2d 193) (1981).

The circumstances in *Lazarz v. State*, 187 Ga. App. 107 (369 SE2d 355) (1988) are similar here, and we rule likewise: "The trial court's finding as to the untimeliness of . . . [the] motion to suppress would, if correct, be a sufficient reason, in and of itself, for the denial of the motion. The trial court's holding in that regard is not enumerated as error and appellant thus concedes the correctness of that ruling. Accordingly, the trial court did not err in denying appellant's motion to suppress. 'Since we find that the . . . motion to suppress was not timely made, we need not address the question whether the evidence should have been admitted.' [Cits.]" See OCGA § 17-5-30; *Dixson v. State*, 191 Ga. App. 410 (1) (382 SE2d 357) (1989).

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 23, 1991.

*Larsen & Flanders, H. Gibbs Flanders, Jr.*, for appellant.
*Ralph M. Walke, District Attorney, Peter F. Larsen, Assistant District Attorney*, for appellee.

---

[1] After the presentation of the evidence, the court did say that it found no violation of defendant's constitutional rights but reiterated that the motion to suppress was untimely and was denied for that reason.