In the Interest of LDO, a Minor.

LDO, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. C–92–8.

Supreme Court of Wyoming.

Aug. 24, 1993.

---

**2.** In *Summers,* the majority avoided the harsh rule in *Westmark* by simply declaring that there

was no comment on silence.

**554**

Wyoming Public Defender Program: Leonard D. Munker, State Public Defender, Deborah Cornia, Asst. Public Defender; Gerald M. Gallivan, Director, Wyoming De-fender Aid Program, Vance Haug, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, Jennifer A. Kokoczka, Student Intern, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The issue presented in this case is whether, because of the failure to investigate the circumstances surrounding the interrogation of the juvenile concerning the underlying delinquency charge and the failure to move to suppress unlawful admissions prior to the hearing, a juvenile had the benefit of effective assistance of counsel in a juvenile proceeding. The juvenile presents collateral errors relating to abuse of discretion of the trial court in refusing to permit the suppression claim to be raised; plain error committed by permitting an illegal confession to be introduced; and a claim that the juvenile was improperly charged with delinquency because the underlying allegation was larceny of his own property. We hold counsel for the juvenile failed in his obligations by not investigating the circumstances surrounding the admissions made by the juvenile and by not submitting, in a timely manner, the appropriate motion to suppress the unlawfully obtained admissions. We conclude the juvenile did not receive effective assistance of counsel in connection with the adjudication of juvenile delinquency, and that adjudication must be reversed. We hold there was no abuse of discretion in the ruling that the suppression claim could not be raised at the hearing, and there is no substance to the claim of impropriety relating to larceny of the juvenile's own property. We do not reach the claim of plain error because of our reversal for ineffective assistance of counsel.

LDO, in his Brief of Appellant, states these issues:

I. Whether the lower court committed plain error by allowing an illegal confession, taken in violation of *Miranda,* to be admitted at trial.

II. Whether the lower court abused its discretion when it refused to grant defense counsel relief from failure to raise suppression issue pretrial, even after cause for such failure was demonstrated at trial.

III. Whether in light of the lower court's determination that cause for relief from failure to make pretrial suppression motion was not shown, it must be concluded that appellant received ineffective assistance of counsel at trial.

IV. Whether appellant is not guilty of delinquency via a larceny charge because he took his own property.

The State of Wyoming, as appellee, offers this counterstatement of the issues:

I. Was any error committed by the juvenile court in allowing evidence of appellant's admissions of his guilt cured when appellant voluntarily testified to the same facts?

II. Did the juvenile court abuse its discretion when it refused to permit appellant to raise for the first time at trial a matter which is required to be raised by pretrial motion?

III. Did the failure by appellant's counsel to move to suppress appellant's admissions prior to trial amount to ineffective assistance of counsel?

IV. Was the evidence sufficient to support the juvenile court's finding that appellant was guilty of larceny?

In August of 1992, LDO, a fifteen-year-old minor, ran away from a crisis center in Casper where he had been placed. He returned to Gillette and resumed living with his aunt and her family. LDO had lived with the aunt's family for about three years prior to his placement at the crisis center in Casper. On the afternoon of August 14, 1992, the aunt discovered LDO had not gone to his community service job, and she reported him to the police as a runaway. An officer went to the aunt's home for the purpose of obtaining a report from the aunt and, during the course of their discussion, the aunt noticed a CD player was missing from her home. The aunt had purchased the CD player for members of the family to use, and it had been placed in the bedroom LDO shared with the aunt's sons. The aunt told the officer LDO did not have permission to remove the CD player from the bedroom.

On the following day, the officer made a traffic stop and found LDO as a passenger in the vehicle. At that juncture, LDO was placed in custody as a runaway, and he was first taken to the police station. Later, he was transported to the Campbell County Detention Center. On August 16, an officer interviewed LDO about the CD player. The officer did not advise LDO of his constitutional rights in the form of a *Miranda* warning, or in any other way, prior to questioning him. LDO told the officer he had taken the CD player from the aunt's home without permission and had left it at a friend's house. The officer then went to the friend's house and retrieved the CD player. LDO then was interviewed again about the CD player, still without advice as to his constitutional rights, and he admitted he had asked his friend to pawn it.

At the adjudicatory hearing, after his admissions had been received in evidence, LDO testified and admitted the aunt had purchased the CD player. He also admitted he took it from the aunt's home, left it at a friend's house, and he did intend to pawn it. On October 27, 1992, LDO was adjudicated a delinquent minor within the meaning of Wyo.Stat. § 14–6–201 (Supp. 1993).[1] The thrust of the adjudication was

1. Wyo.Stat. § 14–6–201 (Supp.1993) provides, in pertinent part:

(a) As used in this act:
 *   *   *   *   *   *
(xv) "Minor" means an individual who is under the age of majority;
 *   *   *   *   *   *
Wyo.Stat. § 14–1–101(a) (Supp.1993) defines age of majority:

that LDO had committed a delinquent act, to-wit: larceny in violation of Wyo.Stat. § 6–3–402(a)(c)(iii) (1988).[2] LDO was committed temporarily to the custody of the Department of Family Services, for placement at Sky Ranch, Buffalo, South Dakota. This appeal is taken from the adjudication.

■■■ The dispositive issue in this case is whether LDO had the benefit of effective assistance of counsel. A juvenile in delinquency proceedings has a right to the assistance of counsel, which is guaranteed by the Sixth Amendment to the Constitution of the United States,[3] made applicable to the states through the Fourteenth Amendment, and by Wyo. Const. art. 1, § 10.[4] *See also* Wyo.Stat. § 14–6–222 (1986); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

■■■ The standard for appellate review of a claim of ineffective assistance of counsel is the same under the state and federal constitutions. *See Dickeson v. State*, 843 P.2d 606 (Wyo.1992); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The fact counsel was assigned does not satisfy the constitutional requirement; effective assistance must be provided by counsel in the preparation of the case for trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). The standard for review of a claim of ineffective assistance of counsel demands LDO demonstrate both that counsel's performance was deficient, and LDO was prejudiced as a result of that deficient performance.

We first adopted this standard in *Frias v. State*, 722 P.2d 135 (Wyo.1986), and we recently had occasion to revisit it. In *Dickeson*, 843 P.2d at 609, we summarized the two-prong test found in *Strickland* as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).

*See also Farbotnik v. State*, 850 P.2d 594 (Wyo.1993); *Betzle v. State*, 847 P.2d 1010 (Wyo.1993).

In *Dickeson*, we held the defendant was denied effective assistance of counsel. Counsel failed to attack an illegal seizure of Dickeson's diary; failed to move to suppress statements made by her after that seizure; and failed to object at trial to the introduction of the incriminating statements. We reversed Dickeson's conviction,

---

Upon becoming eighteen (18) years of age, an individual reaches the age of majority and as an adult acquires all rights and responsibilities granted or imposed by statute or common law, except as otherwise provided by law.

**2.** Wyo.Stat. § 6–3–402 (1988) provides, in pertinent part:

(a) A person who steals, takes and carries, leads or drives away property of another with intent to deprive the owner or lawful possessor is guilty of larceny.

\*     \*     \*     \*     \*     \*

(c) Except as provided by subsection (e) of this section, larceny is:

(iii) A misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the value of the property is less than five hundred dollars ($500.00).

**3.** U.S. Const. amend. VI provides as follows:

In all criminal prosecutions, the accused shall enjoy the right to \* \* \* have the Assistance of Counsel for his defence.

**4.** Wyo. Const. art. 1, § 10 provides as follows:

In all criminal prosecutions the accused shall have the right to defend in person and by counsel, \* \* \*.

noting we previously had reversed four criminal convictions because of ineffective assistance of counsel.

The Supreme Court of the United States has articulated the duty of counsel to investigate in this way:

> In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

The court also said: "[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, * * *." *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066.

In this case, it is clear the attorney failed to contact LDO prior to the adjudicatory hearing. Counsel advised the court he had attempted to visit LDO in the Campbell County Detention Facility, but he was told LDO already had been sent to Buffalo, South Dakota to the Sky Ranch. Counsel acknowledged he could have contacted LDO in South Dakota by telephone, but he did not do so. If LDO had been interviewed, counsel readily could have ascertained LDO had made inculpatory statements to the police officer while he was in the Campbell County Juvenile Detention Center. In light of the exclusionary rules that pertain today, the follow-up question as to whether, prior to the interrogation, LDO had been advised of his constitutional rights pursuant to the *Miranda* decision was obvious. Counsel then would have been aware of the violation of LDO's constitutional rights and would have recognized that a motion to suppress was indicated.

LDO argues the juvenile court, in essence, found he was denied effective assistance of counsel when the court determined counsel failed to show cause for not moving to suppress the evidence prior to trial. Again, there is no dispute about whether a pre-trial motion was filed in this case. Counsel did not file the pre-trial motion to suppress the statements as required by WYO.R.CRIM.P. 12(b), which provides:

> *Pretrial motions.*—Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:
>
>   *   *   *   *   *   *
>
>  (3) Motions to suppress evidence; * * *.

The same rule makes provision for the failure to make a motion to suppress:

> *Effect of failure to raise defenses or objections, or to make requests.*—Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (d), or prior to any extension thereof made by the court, shall constitute waiver thereof, but **the court for cause shown may grant relief from the waiver.**

WYO.R.CRIM.P. 12(g) (emphasis added).

These rules are specifically made applicable to juvenile proceedings by WYO.R.CRIM.P. 54(b), which provides:

> *Juvenile proceedings.*—These rules shall apply in all juvenile cases involving allegations that a child is in need of supervision or delinquent.

The Supreme Court of the United States has ruled that a motion to suppress under FED.R.CRIM.P. 41(f) and 12(b)(3) must be made prior to trial for procedural orderliness (*Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), *overruled on other grounds by United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980)), and to avoid the interruption of the trial (*Nardone v. United States,* 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939)). FED.R.CRIM.P. 12(b)(3) is identical to WYO.R.CRIM.P. 12(b)(3). FED. R.CRIM.P. 12(f) differs in only minor re-

spects from the similar WYO.R.CRIM.P. 12(g). Several of the United States courts of appeals have held that a trial court did not abuse its discretion in denying relief for the failure to file a motion to suppress in a timely fashion when no cause was shown for the lateness of the motion. *See, e.g., United States v. Kessee,* 992 F.2d 1001 (9th Cir.1993); *United States v. Coyote,* 963 F.2d 1328 (10th Cir.1992); *United States v. Garrett,* 961 F.2d 743 (8th Cir. 1992); *United States v. Johnson,* 953 F.2d 110 (4th Cir.1991).

The state courts in our sister jurisdictions, using similar criminal procedural rules as Wyoming, consistently have held that, in the absence of exceptional circumstances, motions to suppress evidence must be made before trial. *See, e.g., People v. Moore,* 593 N.Y.S.2d 953 (1993); *People v. Broome,* 187 A.D.2d 949, 590 N.Y.S.2d 349 (1992); *State v. Dyer,* 615 A.2d 235 (Me. 1992); *Gillie v. State,* 305 Ark. 296, 808 S.W.2d 320 (1991); *State v. Medrano,* 123 Idaho 114, 844 P.2d 1364 (Ct.App.1992); *State v. Dwyer,* 847 S.W.2d 102 (Mo.Ct. App.W.D.1992); *State v. Karns,* 608 N.E.2d 1145 (Ohio Ct.App. 1 Dist.1992); *O'Neal v. State,* 199 Ga.App. 757, 406 S.E.2d 247 (1991); *People v. Goodwin,* 207 Ill.App.3d 282, 152 Ill.Dec. 210, 565 N.E.2d 743 (2 Dist.1991), *appeal denied,* 137 Ill.2d 668, 156 Ill.Dec. 564, 571 N.E.2d 151 (1991).

The record in this case includes the following colloquy occurring during the adjudicatory hearing with respect to the motion to suppress:

COUNSEL FOR LDO: Okay. Excuse me.

I want to object. Apparently from the testimony [LDO] is in custody. The officer knows what he's interrogating [LDO] for. I think it's incumbent on him to have advised [LDO] of his constitutional rights. That's the basis of my objection.

THE COURT: Sustained on that point.

COUNSEL FOR THE STATE: Well, Your Honor, if he's going to make a motion to suppress, he's too late. That should have been raised.

THE COURT: He can't raise that now?

COUNSEL FOR THE STATE: I don't believe so, not under the rules. If he's making a motion to suppress evidence.

THE COURT: What's your response to that, [LDO's COUNSEL]?

COUNSEL FOR LDO: Well, Your Honor, my response to this is that I have in fact received copies of a police report, but I was unable to contact [LDO] except by telephone. He had been taken to the Sky Ranch in South Dakota.

On September 11th I called the jail, asked if [LDO] was still there. I was told that he would probably be transported later in the day.

I arrived there at 9:50, and I was told that [LDO] had already gone and he was taken to Buffalo.

Took me a few days to get copies and, I was later informed that he was taken to the Sky Ranch in South Dakota.

Your Honor, there isn't a Miranda statement in this, but I don't think that, especially under the circumstances, that [LDO] has waived any constitutional protections. I think that they're fundamental, and I think that as a result if there, in fact, was no advisal finally or any consent to the discussion by [LDO] with this officer, that he's not entitled to testify with respect to the substance of the conversation under this custodial interrogation.

THE COURT: Well, I guess the question is whether or not in all instances a motion to suppress is necessary, counsel.

COUNSEL FOR THE STATE: Well, Your Honor, the discovery stamp indicates these were given to [LDO's COUNSEL] on September 14th. I think the rule is that—

THE COURT: Which rule?

COUNSEL FOR THE STATE: The rule governing suppression motions in the criminal code. I think it was Rule # 41. I don't know what it is denominated under the new rules. I think Rule # 12 may govern motion practice.

But I think that if we're talking about a statement taken and Miranda, we're talking about a suppression motion. I

think under the new rules those have to be raised in a timely manner or they're waived.

And, as I say, the discovery has been in [LDO's COUNSEL'S] possession since September 14th, and we're almost a month down the road.

THE COURT: Rule # 12(b)(iii) says that motions to suppress evidence must be raised prior to trial.

Rule # 41(g) says a motion for suppress evidence may be made in the court where the case is to be tried as provided in Rule 12.

I guess court has two specific concerns. One is if there were no Miranda rights given, would allowing the testimony in be plain error. And I suppose the second question is whether or not we have a potential of effective assistance of counsel for failure to make the motion.

I guess I've never seen a case where the motion wasn't made in advance.

So, I'll overrule the objection because it wasn't made prior to trial.

■ The juvenile court judge considered the objection to the evidence at the adjudicatory hearing, but then overruled the objection because of the failure to make a timely motion to suppress. In effect, the court held that a motion to suppress **must** be made prior to the adjudicatory hearing unless good cause is demonstrated as to why the motion was not filed on time. The rule affords discretion to the court to grant relief from the failure to make the motion for good cause shown. In this instance, the juvenile court did not abuse its discretion because counsel for LDO did not show good cause, or any cause, for failing to make the motion prior to trial.

Our conclusion is that ineffective assistance of counsel has been demonstrated. Counsel should have interviewed his client prior to the adjudicatory hearing. Had that been done, counsel would have known that a motion to suppress the inculpatory statements for failure to advise LDO of his constitutional rights was in order. If the admissions by LDO, which clearly were inculpatory, had been excluded from evidence, LDO might well have decided not to testify, and he would not have confirmed the information testified to by the interviewing officer.

In *Dickeson*, we agreed with the conclusion of the Supreme Court of the United States "that the failure to file a suppression motion does not constitute ineffective assistance of counsel *per se.*" *Dickeson*, 843 P.2d at 610 (citing *Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). It is necessary, in addition to the failure to file the motion, to evaluate that failure from the perspective of counsel at the time of the alleged error and in light of all the circumstances. *Dickeson*. We conclude LDO has demonstrated his counsel's performance was deficient for failure to investigate the circumstances surrounding his interrogation about the facts of the underlying charge and the failure to pursue the rule requirements with respect to a motion to suppress the unlawful information. LDO has demonstrated prejudice as a result of this failure and comes within the two-prong test articulated in *Strickland*. We hold LDO did not receive effective assistance of counsel in connection with his adjudication of juvenile delinquency, and that adjudication must be reversed. Such a failure to prepare, even in a juvenile proceeding, places at risk not only the rights of the juvenile, but the reliability of the adversarial process.

With respect to the collateral errors presented by LDO in his appeal, which include an abuse of discretion by the juvenile judge in refusing to permit the suppression claim to be raised; plain error by permitting the introduction of an illegal confession; and a claim that LDO was charged with delinquency because of an alleged larceny of his own property, we find no error. We have held, as discussed above, that there was no abuse of the discretion of the juvenile court in its refusal to permit the suppression claim to be raised. We do not address the claim of plain error because we have reversed with respect to the claim of ineffective assistance of counsel. There is no substance to the claim of impropriety in

adjudicating an underlying charge of larceny with respect to the CD player. Nothing in the record serves to demonstrate in any credible manner that LDO had any reason to believe he had a property interest in the CD player.

We agree with LDO's contention that the juvenile court, when it determined counsel had failed to show cause for not pursuing the pretrial suppression motion, in essence, found LDO had been denied effective assistance of counsel. Under the *Strickland* standard for reviewing ineffective assistance, LDO has demonstrated counsel's performance was deficient, and prejudice resulted. The adjudication of LDO as a juvenile delinquent is reversed.