**Rachel SMITH, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 93–263.

Supreme Court of Wyoming.

Aug. 25, 1994.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Defender Aid Program, and Sherri L. Sweers, Student Intern for the Defender Aid Program, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director of the Prosecution Assistance Program, and Mark D. Stoup and Sheryl Lansing, Student Interns for the Prosecution Assistance Program, for appellee.

Before GOLDEN, C.J., THOMAS, MACY and TAYLOR, JJ., and CARDINE, J. (Retired).

MACY, Justice.

Appellant Rachel Smith appeals from the judgment and sentence which the district court entered after Appellant had been convicted of being an accessory before the fact to aggravated robbery.

We affirm.

Appellant presents the following issue on appeal:

Whether the prosecutor's misstatement of the law in closing argument constituted prosecutorial misconduct which was so prejudicial it denied the defendant her right to a fair trial.

In December 1992, two teenage boys were traveling on Interstate 90 between Buffalo, Wyoming, and Sheridan, Wyoming. Somewhere near the boundary between Johnson County and Sheridan County, a tire on the boys' car went flat. They parked the car at the side of the road in order to change the flat tire.

A few minutes later, a pickup which was occupied by Appellant and her companion pulled up behind them. The companion asked the boys whether they needed help. The boys stated that they did not have a jack or a lug wrench. The companion indicated that she had a jack but that a part which was necessary for the operation of the jack was missing. She asked one of the boys to look in the trunk of his car for a tool which might work to operate the jack. As the boy was reaching into the trunk, he felt a tap on his head. He turned around and found that the companion was pointing a gun at him. She demanded that the boy give all his money to her. When the boy opened his wallet to get his money, Appellant told her companion to take the entire wallet, and she did.

The women left the scene in the pickup. The boys drove the car to Sheridan without changing the flat tire, and they reported the incident to two police officers who were at a restaurant in Sheridan. While the boys were speaking with the officers, Appellant entered the restaurant. The boys identified Appellant to the officers.

A few days later, one of the boys accompanied a deputy sheriff to the location where the crime had occurred. Appellant was eventually arrested and charged in Sheridan County with one count of being an accessory before the fact to aggravated robbery in violation of Wyo.Stat. §§ 6–1–201(a) and 6–2–401(a) and (c)(ii) (1988).[1] After a two-day trial, the jury returned a guilty verdict. The district court sentenced Appellant to serve a term of not less than six years nor more than eight years in the Wyoming Women's Center. This appeal followed.

In her appeal, Appellant argues that the prosecutor "committed prosecutorial misconduct by misstating the law" in his closing argument. She contends that the prosecutor misled the jury to believe that the venue element was irrelevant in determining whether Appellant was guilty of being an accessory before the fact to aggravated robbery.

Appellant did not object at trial to the prosecutor's closing argument. "The general rule in Wyoming is that a failure to interject a timely objection to an allegedly improper argument is treated as a waiver, unless the misconduct is so flagrant as to constitute plain error and require reversal." *Armstrong v. State,* 826 P.2d 1106, 1115 (Wyo. 1992). *See also* W.R.A.P. 9.05. Plain error must be established by demonstrating the following:

" 'It must be clear from the record, without resort to speculation or equivocal reference, exactly what occurred at trial. The proponent of the [plain error] doctrine must demonstrate the existence of a clear and unequivocal rule of law; and the particular facts of the case must clearly and obviously, not just arguably, transgress that rule. Finally, once these criteria have been met, it must be shown that some substantial right of the accused has been adversely affected. These criteria apply even when constitutional error is alleged; and unless each one of them is satisfied, any claim for review under the plain-error doctrine must fail.' "

*Russell v. State,* 851 P.2d 1274, 1278 (Wyo. 1993) (quoting *Gresham v. State,* 708 P.2d 49, 55 (Wyo.1985)).

*Vigil v. State,* 859 P.2d 659, 662 (Wyo.1993). *See also Taul v. State,* 862 P.2d 649, 658 (Wyo.1993).

In the course of our review, we consider the entire closing argument and do not take individual sentences or phrases out of context. *Armstrong,* 826 P.2d at 1115. *See also McCone v. State,* 866 P.2d 740, 754 (Wyo.1993). We also consider the closing argument in the context of the entire trial record. *Miller v. State,* 830 P.2d 419, 426 (Wyo.1992). We have said: "Plain error is difficult to find in closing argument, lest the trial court becomes required to control argument because opposing counsel does not object." *Taul,* 862 P.2d at 659 (citing *Dice v. State,* 825 P.2d 379, 385 (Wyo.1992)).

In this case, we do not need to apply the plain error doctrine because we are not able to discern any error in the prosecutor's argument. During the trial, Appellant argued that the prosecution did not prove that

---

1. Section 6–1–201(a) provides:
   (a) A person who knowingly aids or abets in the commission of a felony, or who counsels, encourages, hires, commands or procures a felony to be committed, is an accessory before the fact.
   Section 6–2–401 states in relevant part:
   (a) A person is guilty of robbery if in the course of committing a crime defined by W.S. 6–3–402 [larceny] he:
   (i) Inflicts bodily injury upon another; or

(ii) Threatens another with or intentionally puts him in fear of immediate bodily injury.
   . . . .
   (c) Aggravated robbery is a felony punishable by imprisonment for not less than five (5) years nor more than twenty-five (25) years if in the course of committing the crime of robbery the person:

   (ii) Uses or exhibits a deadly weapon or a simulated deadly weapon.

the crime had occurred in Sheridan County. In her closing argument, counsel for Appellant stated:

> [One of the boys] goes out with [the deputy sheriff]. Oh, yeah, now I remember where it happened; it happened exactly, exactly in this place. No question about it. It was night. It was dark. I was tired. I had been driving for 36 straight hours, but I'm sure where it happened. Right now. That's after he went out with [the deputy sheriff].

In rebuttal, the prosecutor stated:

> I got the impression that [the defense counsel] was trying to imply to you that [the deputy sheriff] was trying to suggest to [one of the boys] where to put the scene of the crime. Let's say for a moment that [the boy] tells [the deputy sheriff] that it happened in Johnson County. What happens then? [The deputy sheriff] takes his case reports and his case notes, and instead of bringing them to my office, he goes 30 miles south and he takes them to [the Johnson County prosecutor's] office in Buffalo, Wyoming, and [the Johnson County prosecutor] prosecutes them, and it's a Johnson County jury that's listening to this case and not a Sheridan County one. That's all that happens.

After reviewing the prosecutor's statement in the context of his entire argument and in the context of the entire trial record, we conclude that the prosecutor's comment was not misleading. The prosecutor was not arguing that venue was irrelevant. Instead, he stated that the defense counsel was incorrect when she suggested that the deputy sheriff influenced the boy with regard to placing the location of the crime scene.

The prosecutor's closing statement indicated that the deputy sheriff had no motive to influence the boy as to the location of the crime scene. If the boy were to have placed the crime in Johnson County, the deputy sheriff would have simply delivered the information about the crime to the Johnson County prosecutor instead of to the Sheridan County prosecutor. The prosecutor repeatedly told the jury that it must find venue in Sheridan County in order to return a guilty verdict, and, in his closing statement,

he reviewed the evidence which pertained to venue. Since the prosecutor did not misstate the law in his argument, no error occurred.

Affirmed.