Lacey Ann **FALES**, Appellant (Defendant),

v.

The **STATE** of Wyoming, Appellee (Plaintiff).

No. 95–52.

Supreme Court of Wyoming.

Dec. 8, 1995.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Donna D. Hoffdahl, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Georgia L. Tibbetts, Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Monica Heitzmann, Student Intern for the Prosecution Assistance Program, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Lacey Fales appeals from the judgment and sentence which was entered after she was convicted of one count of accessory before the fact to burglary and one count of burglary.

We affirm as modified.

## ISSUES

Appellant presents several issues on appeal:

*ISSUE I*

Did the State fail to meet its burden of proving beyond a reasonable doubt that the Appellant shared the same criminal intent as the principals in the accessory before the fact charge or that the Appellant entered the Sheridan High School with the intent to commit larceny or a felony in the burglary charge?

*ISSUE II*

Did the Appellant receive effective assistance of counsel?

*ISSUE III*

Was Appellant denied a fair trial due to the prosecutor's closing remarks?

*ISSUE IV*

Did the jury instructions on aiding and abetting fail to correctly state the law regarding shared intent to commit a felony and unduly emphasize one aspect of the evidence?

*ISSUE V*

Did the trial court improperly order restitution for damage done during the commission of a crime that Appellant never admitted to, was never charged with, nor convicted of committing?

## FACTS

Appellant attended a party in Sheridan on April 6, 1994, at which alcohol was being served. Some of the guests discussed the possibility of breaking into the high school. Appellant added that she could recognize the money box which was kept at the high school concession stand. Appellant, three boys, and another girl left the party, walking toward the high school. One of the boys brought along a duffle bag, intending to use it to transport stolen items. As they were walking, one of the boys discovered a van which had its keys in it. Another boy stole the van, and, instead of going to the high school, he drove past the others and went to the junior high school. The others followed.

The three boys decided to break into the junior high school. The girls indicated that they did not want to go into the school, so one of the boys told them to keep watch while the boys were inside. The boys gained entry into the junior high school by breaking a window and entering through it. They engaged in various acts of vandalism while they were inside the school, causing extensive damage. The boys also stole a number of items and handed some of the stolen goods out through a window to the girls who were waiting below.

After the boys exited the junior high school, two of them began arguing about who would drive the van. At that point, the other girl and boy left. When the argument had been resolved, the two boys and Appellant proceeded in the van to the high school. The boys broke a window, and the three cohorts entered the high school. The boys vandalized the high school and stole various items. Appellant took some athletic jacket letters and a case of pop.

Appellant was arrested for her part in the crime spree. A jury convicted her of one count of accessory before the fact to burglary under WYO.STAT. §§ 6–3–301(a) (1985) and 6–1–201 (1983) for the junior high school incident and of one count of burglary under § 6–3–301(a) for the high school incident. She perfected her appeal to this Court after the trial court passed sentence against her.

## DISCUSSION

### A. Sufficiency of the Evidence

Appellant contends that Appellee State of Wyoming did not present sufficient evidence for the jury to convict her of either the accessory-before-the-fact charge or the burglary charge. She asserts that the State did not prove beyond a reasonable doubt that she harbored the requisite intent for her to be found guilty of either crime.

Our standard for reviewing sufficiency-of-the-evidence claims is well established. This Court assesses whether all the evidence which was presented is adequate enough to form the basis for a reasonable inference of guilt beyond a reasonable doubt to be drawn by a finder of fact when that evidence is viewed in the light most favorable to the State. *Hodges v. State,* 904 P.2d 334, 339 (Wyo.1995); *Baier v. State,* 891 P.2d 754, 761 (Wyo.1995). We will not substitute our judgment for that of the jury when we are applying this rule; our only duty is to determine whether a quorum of reasonable and rational individuals would, or even could, have come to the same result as the jury actually did. *Id.*

### 1. CONVICTION FOR ACCESSORY BEFORE THE FACT

Appellant claims that the State did not present sufficient evidence at her trial for the

jury to convict her of accessory before the fact to burglary. She asserts that the evidence did not establish that she knowingly acted as a lookout for the boys while they burglarized the junior high school or that she knew what the boys were going to do while they were inside the building.

Section 6–1–201(a) provides:

(a) A person who knowingly aids or abets in the commission of a felony, or who counsels, encourages, hires, commands or procures a felony to be committed, is an accessory before the fact.

Section 6–3–301(a) provides:

(a) A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein.

Under Wyoming law, one who aids and abets another in the commission of a felony is as culpable as the principal is. *Jahnke v. State*, 692 P.2d 911, 920–21 (Wyo.1984).

To convict a person of aiding and abetting in the commission of a crime, the prosecution must prove that "the crime in question was committed by someone and that the person charged as an aider and abettor associated himself with and participated in the accomplishment and success of the criminal venture."

*Jones v. State*, 902 P.2d 686, 693 (Wyo.1995) (quoting *Virgilio v. State*, 834 P.2d 1125, 1127 (Wyo.1992)). In order to be convicted, the aider and abettor must share the principal's criminal intent, but the prosecution is not required to prove that the aider and abettor possessed the identical intent to that possessed by the principal. *Jahnke*, 692 P.2d at 921. In *Haight v. State*, 654 P.2d 1232 (Wyo. 1982), we upheld the defendant's conviction for aiding and abetting because the evidence which had been presented at the trial was sufficient for the jury to infer that the defendant knew what the principals were doing and that he had acted as a lookout for them. 654 P.2d at 1238.

The evidence presented at the trial in this case showed that Appellant was aware of the plan to break into the high school. One of the boys testified that he wanted to break into the high school so that he could steal money to use in buying drugs. He was the boy who was carrying the duffle bag. Appellant contributed to the plan by telling the others that she could recognize the money box which was kept at the concession stand. Appellant was also aware that one boy had stolen a van on the way to the junior high school. From this evidence, the jury certainly could have inferred that Appellant knew that the boys possessed an intent to commit larceny when they entered the junior high school.

One of the boys stated that he had told Appellant and the other girl to act as lookouts while the boys were in the junior high school. The evidence also revealed that Appellant remained outside the building and responded to the boys' request for her to take some of the stolen goods when they handed them out through the window. The jury was justified in inferring that Appellant had acted as a lookout for the boys while they were burglarizing the junior high school. Sufficient evidence, therefore, supported Appellant's conviction for accessory before the fact to the boys' burglary of the junior high school.

2. CONVICTION FOR BURGLARY

Appellant also asserts that the State did not present sufficient evidence for the jury to convict her of burglary of the high school because it did not establish that she had the requisite intent to commit larceny when she entered the high school. "In order for a defendant to be found guilty of burglary, the State must prove that a person 1) entered a building without authority, 2) with the intent to commit larceny or a felony." *Dreiman v. State*, 825 P.2d 758, 760 (Wyo. 1992).

The evidence presented at the trial established that Appellant accompanied the boys to the high school in the van which she knew had been stolen. She was aware of the original plan to steal items from the high school, and she assisted in the formation of that plan by volunteering the information about the money box which was kept in the

concession stand. Appellant also knew that the boys had stolen items from inside the junior high school. The evidence was, therefore, sufficient for the jury to infer that she intended to commit larceny upon entering the high school.

## B. Effective Assistance of Counsel and Closing Argument

Appellant contends that she was deprived at her trial of her right to receive effective assistance of counsel. Specifically, she asserts that her trial counsel's performance was deficient because (1) he failed to present a timely motion to suppress the statements which Appellant had made to the police, (2) he failed to request that the jury be instructed on the lesser-included offense of criminal entry, and (3) he failed to object to the improper comments which the prosecutor had made in his closing argument.

The test which we employ to determine whether criminal defendants have been deprived of their right to have effective assistance of counsel is found in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Jones,* 902 P.2d at 694.

> "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

*Dickeson v. State,* 843 P.2d 606, 609 (Wyo. 1992) (quoting *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064).

### 1. MOTION TO SUPPRESS

Appellant claims that her trial counsel was deficient because he did not present a timely motion to suppress the statements which she had made to the police. Appellant asserts that a motion to suppress was warranted because the times stated on the various police documents suggested that Appellant had been interrogated for approximately one hour before she was informed of her rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant relies on this Court's rulings in *Dickeson,* 843 P.2d 606, and *LDO v. State,* 858 P.2d 553 (Wyo.1993), as being support for her contention that her counsel's performance was deficient. In both of those cases, this Court held that the defendants had been deprived of their rights to have effective assistance of counsel because their attorneys did not file motions to suppress certain evidence. *Dickeson,* 843 P.2d at 611–12; *LDO,* 858 P.2d at 554; *see also Starr v. State,* 888 P.2d 1262, 1266 (Wyo.1995).

*Dickeson* and *LDO* can be distinguished from this case. In *Dickeson,* this Court determined that the defendant's counsel should have filed a motion to suppress because he could have made a strong argument that an illegal search and seizure had occurred. 843 P.2d at 611. The Court went on to conclude that a reasonable probability existed that, if the evidence in question had been suppressed, the jury's verdict would have been different. 843 P.2d at 612. In *LDO,* the counsel failed to interview his juvenile client before they appeared at an adjudicatory hearing, and, therefore, the counsel was ignorant of a very real ground for filing a pretrial motion to suppress the juvenile's confession. 858 P.2d at 557. We held that the counsel's performance had been ineffective because he did not fully investigate the facts which would have revealed that the police official failed to give *Miranda* warnings. 858 P.2d at 559.

■ In this case, the police report stated that Appellant had been interrogated at 3:30 p.m. on April 7, 1994, and the consent form indicated that she had not been informed of her *Miranda* rights until 4:25 p.m. on that day. Appellant's trial counsel did not move before trial to suppress her statements; instead, he presented a motion at the start of the trial to quash her statements. The trial

court ruled that the motion to suppress was not timely under W.R.Cr.P. 12.

At the trial, the police officer explained that the discrepancy between the times in the documents occurred when he incorrectly converted military time to standard time. The police officer stated that Appellant was arrested at 4:15 p.m. and that, before he began interviewing her, he advised her of her *Miranda* rights and she consented to speak with him. Other evidence which was presented at the trial corroborated the officer's testimony.

With these facts in mind, we conclude that Appellant was not denied her right to be provided with effective assistance of counsel when her attorney failed to tender a timely motion to suppress. Even had her counsel presented the motion in a timely manner, the trial court would have been correct in denying the motion because the evidence revealed that Appellant had been properly advised of her *Miranda* rights before she was interrogated. Appellant cannot, therefore, show that she suffered any prejudice as a result of her attorney's conduct.

### 2. LESSER-INCLUDED OFFENSE INSTRUCTION

█ Appellant also argues that she did not receive effective assistance of counsel because her attorney failed to request that the trial court instruct the jury on the lesser-included offense of criminal entry for the high school incident. Appellant maintains that a lesser-included instruction on the crime of criminal entry should have been given because the evidence as to her intent upon entering the high school was not clear.

The jury obviously found that Appellant harbored the requisite intent to commit a burglary because it convicted Appellant of the crime. Earlier in this opinion, we concluded that sufficient evidence sustained that verdict. The instructions which were given, when they are viewed in their totality, accurately described the legal principles which the jury was required to employ in reaching its verdict. Thus, we cannot conclude that Appellant's attorney was ineffective and that the result of the jury trial is unreliable. *See*

*Vigil v. State,* 859 P.2d 659, 662–64 (Wyo. 1993).

### 3. CLOSING ARGUMENT

Appellant insists that her counsel's performance was deficient because he failed to object to the comments which the prosecutor improperly made in his closing argument. In addressing this issue, we will also determine the validity of Appellant's contention that the prosecutor's closing argument deprived her of her right to have a fair trial.

█ We have recently summarized our standard for reviewing comments made by prosecutors during their closing arguments. *Vargas–Rocha v. State,* 891 P.2d 763, 771 (Wyo.1995).

> The prosecutor may comment on the evidence, and he may make any reasonable inferences that follow from that evidence. He may not, however, inflame or mislead the jury. The trial court is in the best position to consider the appropriateness of the argument. Counsel are allowed wide latitude in the scope of their argument.

*Taul v. State,* 862 P.2d 649, 659 (Wyo.1993) (citations omitted).

> In the course of our review, we consider the entire closing argument and do not take individual sentences or phrases out of context. We also consider the closing argument in the context of the entire trial record.

*Smith v. State,* 880 P.2d 573, 574 (Wyo.1994) (citations omitted).

The remarks which Appellant complains about occurred during the rebuttal portion of the prosecutor's closing argument. The prosecutor stated that he believed certain statements which Appellant had made to the police and which had been related to the jury during the trial. The prosecutor's statements were made in response to a closing argument statement made by the defense counsel in which he indicated that he believed a particular statement made by Appellant. Defense counsel did not object during the closing argument to the prosecutor's remarks. Instead, he waited until the jury began to deliberate, and then he moved for a mistrial. The trial court denied his motion.

Appellant contends that her attorney should have objected to the prosecutor's comments because they improperly relayed the prosecutor's personal beliefs and opinions to the jury. She insists that her counsel's failure to object put her in the unenviable position of having to show plain error on appeal.

When the prosecutor's comments are taken out of context, they can arguably be seen as propounding the prosecutor's personal beliefs and opinions. We are always concerned about such comments because of the possibility that a jury may give undue weight to the prosecutor's personal beliefs. *McCone v. State*, 866 P.2d 740, 754 (Wyo. 1993). After reviewing the prosecutor's comments as a whole and in the context of the entire trial, however, we conclude that they were proper because the prosecutor was simply emphasizing Appellant's statements and how they had been corroborated by the other evidence which had been presented at the trial. Additionally, we note that the defense counsel opened the door to this type of argument by making a similar statement in his closing argument. *Fortner v. State*, 835 P.2d 1155, 1158 (Wyo.1992). We conclude, therefore, that the prosecutor's comments were proper and that the defense counsel's performance was not deficient.

## C. Aiding and Abetting Jury Instructions

Appellant asserts that the trial court erred when it gave its instructions to the jury on the law of aiding and abetting. She argues that the instructions were erroneous because (1) they improperly emphasized the evidence which showed that Appellant had acted as a lookout for the boys and (2) they failed to inform the jury that it had to find that Appellant shared the boys' criminal intent to commit a felony in order to convict her of aiding and abetting.

The trial court is required to present instructions to the jury on the law which is applicable to the issues which were actually raised by the evidence presented at the trial. *Baier*, 891 P.2d at 756. The trial court is "given wide latitude in instructing the jury; and as long as the instructions correctly state the law and the entire charge

to the jury adequately covers the issues, reversible error will not be found." *Id.*

"When we examine jury instructions, we must look at them in their entirety and read them together." *Vigil*, 859 P.2d at 663. Before a conviction will be reversed due to an erroneous instruction, the defendant must demonstrate that prejudice has occurred. An error in one instruction may be cured elsewhere in the jury instructions by conveying correct information to the jury "'in a clear and concise manner so that it is unlikely that an erroneous impression would remain in the minds of the jurors.'" *Vigil*, 859 P.2d at 663 (*quoting United States v. Pope*, 561 F.2d 663, 670 (6th Cir.1977)).

*Christian v. State*, 883 P.2d 376, 379 (Wyo. 1994) (citation omitted).

Appellant objected at the jury instruction conference to Instruction No. 11, but the trial court overruled her objection and gave the instruction to the jury. Instruction No. 11 stated:

### INSTRUCTION NO. 11

One who knowingly stands guard or keeps watch while a crime is being perpetrated, in order to facilitate the escape of the person actually committing the crime, is aiding and abetting in the commission of that crime.

In the first section of this opinion, we stated that Appellant's conviction for aiding and abetting would stand as long as the State proved that a crime had been committed and that Appellant had associated herself with and participated in the accomplishment and success of the criminal venture. This statement of the law was accurately related to the jury through the various instructions which were given to it.

### INSTRUCTION [NO.] 7

To be an accessory before the fact, a person must intend that his acts or words secure the commission of the felony. Merely assenting to or assisting in the commission of the felony without knowledge that a crime is going to be committed or that the defendant's actions are going to aid in the commission of the felony, is not criminal.

INSTRUCTION [NO.] 8

In order to find the defendant guilty of being an accessory before the fact to a felony the commission of which requires a specific intent, it must be proven by the state and found both that:

1. The defendant had the intent necessary for an accessory before the fact; and

2. The principal in the crime had the specific intent necessary for the commission of the crime.

INSTRUCTION NO. 8A

To constitute the crime charged there must be a union of two essential elements, an act forbidden by law and a specific intent.

Specific intent means more than the general intent to commit the act. To prove a crime which involves specific intent, the prosecution must prove beyond a reasonable doubt:

(1) That the Defendant did the act charged; and

(2) That he did it with the specific intent described in the crime charged. The specific intent must be proved beyond a reasonable doubt as any other fact in the case.

INSTRUCTION NO. 9

Pertinent portions of the Wyoming Statutes provide as follows:

A person who knowingly aids or abets in the commission of a felony, or who counsels, encourages, hires, commands or procures a felony to be committed, is an accessory before the fact.

An accessory before the fact:

(i) May be indicted, informed against, tried and convicted as if he were a principal;

(ii) May be indicted, informed against, tried and convicted either before or after an[d] whether or not the principal offender is indicted, informed against, tried or convicted.

INSTRUCTION NO. 10

A person aids and abets the commission of a crime if he knowingly and with criminal intent aids, promotes, encourages, or instigates the commission by act or advice.

■ Taken as a whole, the jury instructions advised the jury that Appellant could be convicted of aiding and abetting only if the jury found that she had acted knowingly and with a criminal intent. The trial court instructed the jury that, in order to convict Appellant, it must find that Appellant intended for her actions to secure the commission of the felony. Appellant obviously could not have formed such an intent if she did not know what the boys planned to do while they were inside the school.

When Instruction No. 11 is read together with the other instructions, it does not unduly emphasize the evidence which had shown that Appellant acted as a lookout. The trial court properly tailored the legal instructions to the evidence which had actually been presented at the trial.

D. Restitution

■ Appellant claims that the trial court improperly ordered her to pay restitution for the damage done to the van when she did not admit to, was not charged with, and was not convicted of any crime which was associated with the van.

As a part of her sentence, the trial court ordered Appellant to pay $35,367.82 in restitution for the damage which occurred during the crime spree. A significant portion of the restitution amount—$11,532.04—represented damages sustained by the stolen van. Appellant was not charged with any crime linked to the van, nor did she admit to having anything to do with its theft or its destruction.

Criminal defendants may be ordered to pay restitution for the damage caused by their crimes under the provisions of WYO. STAT. § 7–9–103(a) (1991). Section 7–9–103(a) provides in pertinent part:

If restitution is ordered, or at the time the defendant is placed on probation, the court shall fix a reasonable amount as restitution owed to each victim for actual pecuniary damage resulting from the defendant's criminal activity, and shall include its determination of the pecuniary damage as a

special finding in the judgment of conviction. . . .

Appellant contends that the damage to the van was not "actual pecuniary damage resulting from [her] criminal activity." Criminal activity is defined by WYO.STAT. § 7–9–101(a)(i) (1991) as being:

(i) "Criminal activity" means any crime for which there is a plea of guilty, nolo contendere or verdict of guilty upon which a judgment of conviction may be rendered and includes any other crime which is admitted by the defendant, whether or not prosecuted.

In *Dreiman*, this Court stated that, in order for a criminal defendant to be properly ordered to pay restitution for damages, the damages must have been due to the defendant's criminal activity. 825 P.2d at 764. We do not believe that a sufficient relationship existed in this case between Appellant's crimes and the damage to the stolen van to make her accountable for that portion of the restitution amount. The only contact which Appellant had with the van was to ride in it. The State did not present any evidence which suggested that Appellant had any part in stealing or damaging the van. The damage to the van did not, therefore, result from Appellant's criminal activity. The portion of the judgment and sentence which required Appellant to pay restitution for the damage to the van must be vacated.

## CONCLUSION

In summary, we hold that sufficient evidence supported Appellant's convictions, that Appellant received effective assistance of counsel, that the prosecutor's remarks were proper, and that the trial court did not err in instructing the jury. We hold, however, that the portion of the judgment and sentence which required Appellant to pay restitution for the damage to the van was improper and is vacated.

Affirmed as modified.