2002 WY 57

**Dominic ALCARAZ, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 01–33.**

Supreme Court of Wyoming.

April 12, 2002.

amended at any time.

Kenneth M. Koski, State Public Defender; and Donna D. Domonkos, Appellate Counsel, Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker, Senior Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1]   Dominic Alcaraz stole money from his employer and was convicted of felony larceny. The district court ordered him to pay $5,617.35 in restitution to compensate the employer for the total cost of a surveillance system which was installed to investigate the thefts. Mr. Alcaraz appealed claiming the district court abused its discretion by ordering him to pay for the entire system. We agree and reverse and remand for a determination of what portion of the total cost of the system can reasonably be required as restitution when the standard herein set forth is applied.

## ISSUES

[¶ 2]   Mr. Alcaraz presents the following issue for our review: "Whether the trial court abused its discretion when it ordered [Mr.] Alcaraz to pay for the surveillance camera equipment and costs of installation used to detect his crime?" The State of Wyoming rephrases the issue as: "Whether the district court abused its discretion in ordering restitution?" In his reply brief, Mr. Alcaraz states an additional issue: "Whether [the state] has failed to respond to all of [Mr. Alcaraz's] arguments which would require reversal of the restitution order?"

## FACTS

[¶ 3]   The facts establishing Mr. Alcaraz's criminal conduct are not in dispute. Mr. Alcaraz worked for Mr. D's Food Center, a grocery store in Lander, and was in charge of cleaning the floors at night while the store was closed. On May 1, 2000, Mr. Alcaraz was at work when he opened a drawer and stole approximately $300 from the store's safe room. On May 20, 2000, he stole approximately $400 from a desk drawer in the customer service area. The store owner became suspicious and installed surveillance equipment in the customer service area. On June 23, 2000, the owner placed $600 in

marked bills in a bank bag on a desk in that area of the store. The following morning, the surveillance cameras showed Mr. Alcaraz stealing $300 from the bank bag. The next night, the owner again placed marked money in a bank bag in a desk in the same area of the store. The Lander Police Department operated the surveillance equipment that night and recorded Mr. Alcaraz removing money from the bank bag. An officer subsequently found $240 in marked money in Mr. Alcaraz's front pocket, and he arrested Mr. Alcaraz.

[¶ 4]   Mr. Alcaraz pleaded guilty to felony larceny under Wyo. Stat. Ann. § 6–3–402(a) and (c)(iii) (LexisNexis 2001). The district court sentenced him to a prison term of not less than two years nor more than four years. It suspended the prison sentence and placed Mr. Alcaraz on supervised probation, ordering him to serve six months of jail time on weekends to be completed within three years. The district court also ordered him to pay $100 to the crime victims compensation fund and $5,617.35 [1] in restitution to compensate the store owner for the total cost of the surveillance equipment as well as installation. Mr. Alcaraz appealed.

## STANDARD OF REVIEW

[¶ 5]

■  Appellate review of ordered restitution is confined to a search for procedural error or a clear abuse of discretion. The amount of restitution fixed by the trial court should be supported by evidence sufficient to afford a reasonable basis for estimating the loss. A challenge to the amount of restitution set by the court must demonstrate an abuse of discretion. "Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Brock v. State*, 967 P.2d 26, 27 (Wyo.1998) (quoting *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998)).

1.  The victim requested $5,614.95 in restitution for the surveillance equipment. Both parties agree the additional $2.40 ordered by the district court was a mistake.

*Stowe v. State,* 10 P.3d 551, 553 (Wyo.2000) (some citations omitted).

## DISCUSSION

[¶ 6] Mr. Alcaraz contends the district court improperly ordered him to pay restitution for the total cost of the surveillance equipment the store owner installed to determine who was stealing money from the store. In Wyoming, restitution is authorized by Wyo. Stat. Ann. § 7–9–102 (LexisNexis 2001), which reads:

> In addition to any other punishment prescribed by law the court shall, upon conviction for any misdemeanor or felony, order a defendant to pay restitution to each victim as determined under W.S. 7–9–103 and 7–9–114 unless the court specifically finds that the defendant has no ability to pay and that no reasonable probability exists that the defendant will have an ability to pay.

[¶ 7] A sentencing judge is authorized in a criminal case to order a defendant convicted of a crime to pay to the victim of his crime actual pecuniary damages suffered by that victim as a result of the defendant's criminal activity. Wyo. Stat. Ann. § 7–9–103(b) (LexisNexis 2001). For purposes of restitution, "pecuniary damage" includes all damages "a victim could recover against the defendant in a civil action arising out of the same facts or event." Wyo. Stat. Ann. § 7–9–101(a)(iii) (LexisNexis 2001). Mr. Alcaraz does not argue the district court was unauthorized to order restitution; rather, he questions whether the total cost of the surveillance equipment and its installation are pecuniary damages resulting from his criminal activity; i.e., could the store owner recover the cost of the surveillance equipment in a civil action.

[¶ 8] Neither party suggested a civil cause of action which could arise out of the same facts under which the store owner could recover against Mr. Alcaraz. However, we note the most closely applicable cause of action would be conversion. We have defined conversion as any distinct act of dominion wrongfully executed over one's property in denial of his right or inconsistent with it. *Cross v. Berg Lumber Company,* 7 P.3d 922, 929 (Wyo.2000). In essence, " '[c]onver-

sion occurs when a person treats another's property as his own denying the true owner the benefits and rights of ownership.' " *Id.* (quoting *Ferguson v. Coronado Oil Company,* 884 P.2d 971, 975 (Wyo.1994)). In order to establish a cause of action in conversion, a plaintiff must show that:

> "(1) he had legal title to the converted property; (2) he either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; (4) in those cases where the defendants lawfully, or at least without fault, obtained possession of the property, the plaintiff made some demand for the property's return which the defendant refused; and (5) the plaintiff has suffered damage by the loss of the property."

*Id.* at 929–30 (quoting *Marchant v. Cook,* 967 P.2d 551, 556 (Wyo.1998)). The proper measure of damages for conversion of property is the actual value of the property converted and may include reasonable expenses incurred in an effort to recover possession of the property. In *Cross,* 7 P.3d at 932, we held recovery costs are a species of special damages and upheld an award of special damages for the cost of numerous attempts to retrieve a converted road grader including the hiring of an airplane to search for the grader. Although Mr. Alcaraz paid back the amount of cash he stole, the store owner could recover special damages.

> When a conversion occurs, the injured party should receive full compensation for his actual losses. The damages in an action for conversion are measured by the sum of money necessary to compensate the plaintiff for all actual losses or injuries sustained as a natural and proximate result of the defendant's wrong. Special damages may be recovered in an action for conversion for any injury proximately resulting from the conversion.

18 Am.Jur.2d *Conversion* § 117 at 230–31 (1985); *see also* Restatement (Second) of Torts § 927(2)(b) (1979) (damages may include the amount of any further pecuniary loss of which the deprivation has been a legal

cause). Compensation for time and money spent in pursuit of the property may be recovered as special damages. 18 Am.Jur.2d *Conversion* § 117 (1985).

[¶ 9] To justify restitution for the surveillance system costs, Mr. Alcaraz's criminal conduct must have been a proximate cause of the store owner's purchasing the surveillance equipment. We have identified legal causation as conduct which is a substantial factor in bringing about the injuries set out in the complaint. *Buckley v. Bell*, 703 P.2d 1089, 1091 (Wyo.1985). If, however, the conduct created only a condition or occasion for the harm to occur, it would be regarded as a remote, not a proximate, cause and would not be a substantial factor in bringing about the harm. *Id.* at 1092.

[¶ 10] We have considered causation in the context of restitution in two cases. In *Fales v. State*, 908 P.2d 404, 412 (Wyo.1995), Ms. Fales was ordered to pay $11,532.04 in restitution for damages sustained when one of her cohorts stole a van. Ms. Fales took a ride in the van; however, she was not charged with any crime linked to the van, nor did she admit having anything to do with its theft or destruction. 908 P.2d at 412. Instead, Ms. Fales was charged with accessory before the fact to burglary and of burglary for her involvement in a crime spree at the local junior high school and the high school. *Id.* at 407. We determined the prerequisite of a sufficient relationship between Ms. Fales' criminal activity and the damage to the van did not exist and, therefore, the restitution order was improper. *Id.* at 413.

[¶ 11] In *Dreiman v. State*, 825 P.2d 758 (Wyo.1992), we held the district court properly ordered Mr. Dreiman to pay restitution for the costs the victim incurred to change her locks which she did because he continually telephoned and contacted her. We held Mr. Dreiman's admitted harassment was a substantial factor in causing the victim to purchase the new locks.

[¶ 12] Costs related to surveillance equipment were allowed as restitution in a case involving burglary in *State v. Smith*, 119 Wash.2d 385, 831 P.2d 1082 (1992) (en banc). There, Mr. Smith burglarized a bank and tripped three surveillance cameras which then photographed different areas of the bank. The bank incurred costs for the use of technicians who worked on the cameras and for the development and replacement of the film. 831 P.2d at 1083. The court ordered Mr. Smith to pay restitution to the bank for those costs. The applicable statute required in pertinent part: " '*Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property.*' " *Id.* at 1084 (quoting former RCW 9.94A.142(1)). The Washington Supreme Court held the funds spent by the bank were "property" that was lost as a direct result of the crime and, therefore, the award of restitution was proper. *Id.* In that situation, Mr. Smith's criminal conduct—burglary—was a proximate cause of the costs incurred to investigate the crime.

[¶ 13] In this case, the district court found a sufficient relationship between Mr. Alcaraz's criminal conduct and the store owner's purchase of the surveillance equipment. The store owner testified that, had Mr. Alcaraz not been stealing, the store would not have purchased the surveillance equipment. While we defer to the district court's finding of fact concerning proximate cause, its decision to award the total cost of the surveillance system disregards the fact that the benefits of the surveillance equipment will inure to the store owner long after the equipment was used to apprehend Mr. Alcaraz.

[¶ 14] "The stated goal of the damages remedy is compensation of the plaintiff for legally recognized losses." Dan B. Dobbs, Dobbs Law of Remedies ch. 3, § 3.1 at 281 (2d ed.1993). This means the store owner should be fully indemnified for his loss but he should not receive a windfall. *Id.* The store owner admitted the surveillance equipment would be used after the individual stealing money was apprehended and its continued benefit was another reason why he purchased the equipment. Overcompensation is undesirable not only because it is unjust but also because it provides the wrong incentives to both parties. *Id.* at § 3.3(7).

[¶ 15] The goal in awarding damages is to make the injured party whole to the extent that it is possible to measure an injury in terms of money. 22 Am.Jur.2d *Damages* § 26 (1988). This occurs when the victim is in the same financial position he would have been in had the wrong not been committed. *Id.* We have said, "In computing damages, 'the primary objective [is] to determine the amount of loss, applying whatever rule is best suited to that purpose.' " *Cross,* 7 P.3d at 933 (quoting *O's Gold Seed Company v. United Agri–Products Financial Services, Inc.,* 761 P.2d 673, 676 (Wyo.1988)).

[¶ 16] The store owner could not have recovered the full cost of the entire system from Mr. Alcaraz in a civil action and, therefore, cannot be awarded that amount as restitution. The store owner incurred certain costs in recovering the stolen money including the purchase price of the surveillance equipment. However, that total purchase price must be reduced in consideration of the value the system will provide to the store owner over its useful life. The law will not put a victim in a better position than he would have been in had the wrong not been done. 22 Am.Jur.2d *Damages* § 27 (1988). The measurement of loss is not an exact science. Under these circumstances, the district court should allocate to Mr. Alcaraz a reasonable proportion of the cost of the purchase and operation of the surveillance equipment used to apprehend him, considering all factors including the equipment's expected useful life and depreciation. We conclude the district court abused its discretion in ordering the entire purchase price of the equipment as restitution and remand for an evidentiary determination of the proper amount under the standard herein set forth.

[¶ 17] Reversed and remanded.