THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
KATHLEEN A. BRADLEY, Defendant-Appellee.

First District (2nd Division)   No. 83—2522

Opinion filed November 27, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Bernard J. Murray, Assistant State's Attorneys, of counsel), for the People.

Anthony J. Onesto, of Onesto, Giglio, Meltreger & Associates, of Chicago, for appellee.

JUSTICE DOWNING delivered the opinion of the court:

During a bench trial, the trial court ruled inadmissible certain testimonial evidence proffered by the State concerning the results of a chemical analysis performed on a sample of defendant Kathleen A. Bradley's blood. On appeal, the State contests the propriety of this midtrial ruling pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)).

Following the November 23, 1982, collision of two automobiles at the intersection of Devon Avenue and California Avenue in Chicago, defendant, the driver of one of the vehicles, was taken to Swedish Covenant Hospital for treatment. A chemical analysis of the alcohol content in her blood at that time was performed for medical reasons on a DuPont Automatic Chemistry Analyzer by Thomas Glans, a laboratory supervisor employed at the hospital. Subsequent thereto, defendant was charged with two counts of reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a)) and one count of driving under the influence of an intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)).

During the ensuing bench trial, the State called Glans to the witness stand as an expert in the field of "drawing blood and testing of blood for alcoholic content." Essentially, the State sought introduction of the results of the chemical analysis performed on the sample of defendant's blood taken soon after the accident. Defense counsel objected to the admission of this testimonial evidence, however, maintaining that Glans lacked the necessary permit issued by the Illinois Department of Public Health (Department). (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501.2(a)(1).) Further objection was made as to the accuracy of the machine which analyzed defendant's blood sample. The trial judge held that unless it could be shown that Glans did, in fact, possess the requisite permit, his testimony would be inadmissible.

At some point following Glans' withdrawal as a prosecution witness, the State requested that the court reconsider its ruling pertaining to the competency of Glans to testify as to the test results. The trial judge again held, however, that Glans was incompetent to testify because there had been no showing that he held the necessary Depart-

ment permit. After submitting an offer of proof, the State filed a notice and certificate of appeal contending that the aforementioned ruling substantially impaired its ability to prosecute the case. The State then rested over objection after the court denied its request to terminate the proceedings pending appeal. A directed finding of acquittal was thereupon entered on defendant's motion. The State now appeals pursuant to Supreme Court Rule 604(a)(1), contending that the midtrial exclusion of Glans' testimony was erroneous.

## I

Initially, the State argues that it may appeal from a midtrial order preventing the admission of evidence as long as certification is made to the trial court that the State's ability to proceed with the case has been substantially impaired by such an order. As a general proposition, this argument is incorrect, for the threshold inquiry is always whether the trial judge's interlocutory ruling had the substantive effect of "suppressing evidence," as that term is used in Supreme Court Rule 604(a)(1).

Rule 604(a)(1) provides, in pertinent part, that: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." (87 Ill. 2d R. 604(a)(1).) Pursuant to this rule, our supreme court has held that "[s]ince the right of a defendant to file motions to suppress after the trial has commenced is limited by the provisions of section 114—12(c) [of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c))], the State's right to appeal from suppression orders during trial is limited to orders entered allowing these motions." (*People v. Flatt* (1980), 82 Ill. 2d 250, 264, 412 N.E.2d 509.) In the event a determination is made by a court of review that the suppression motion was not within the ambit of section 114—12(c) of the Code and that the trial judge wrongfully considered it during trial, the State may then only contest the authority of the lower tribunal to enter the suppression order, rather than the merits of the court's ruling. *People v. Flatt* (1980), 82 Ill. 2d 250, 264, 412 N.E.2d 509.

Briefly, we note that the court below did not enter the interlocutory order in question pursuant to section 114—12(c) of the Code, which concerns only motions "to suppress evidence illegally seized." During the State's offer of proof, emphasis was placed on the fact that defendant's blood sample was taken with her husband's written consent and pursuant to a doctor's order. In addition, as defendant indicates in her brief, "there is no allegation that the blood sample

taken from the Defendant was illegally seized."

Therefore, the remaining inquiry for review is whether the trial judge wrongfully entertained defendant's midtrial motion to exclude the testimonial evidence pertaining to the blood analysis results. We find that consideration of the motion was proper, for our review of the record indicates that defendant's objection to Glans' testimony was made at the first available opportunity. The State concedes that "the discovery material contained in the record on appeal does not specifically demonstrate that the name of the lab technician supervisor was provided before trial ***." The State's general answer to discovery did not contain a listing of potential witnesses, it merely stated that "[a]ny persons named in Police reports, transcripts, medical reports, and other documents tendered to defense" may be called as prosecution witnesses.

■ Without question, copies of hospital reports were made available to defendant. However, these reports contained in the record are devoid not only of Thomas Glans' qualifications but, more importantly, his name and the capacity in which he was employed at Swedish Covenant Hospital. The lower court correctly considered defendant's exclusionary motion, which was promptly made when her attorney first became aware at trial of the purported expert's certification deficiency.

■ In view of the propriety of the trial judge's action, the State's right to an interlocutory appeal was limited to an order entered pursuant to section 114—12(c) of the Code allowing a motion to suppress evidence *illegally* seized. (*People v. Flatt* (1980), 82 Ill. 2d 250, 264, 412 N.E.2d 509.) Since defendant's midtrial motion was not within the ambit of section 114—12(c) of the Code, we hold that the interlocutory order in question is not appealable under Supreme Court Rule 604(a)(1).

In support of its argument for retention of jurisdiction, the State cites and heavily relies on *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 424 N.E.2d 785, *appeal denied* (1981), 85 Ill. 2d 581. We agree with the State that the court's opinion in *Tomasello* could be construed as authority for the proposition that an appeal may be taken from *any* order entered during trial which operates to prevent the admission of evidence, so long as the State certifies that the ruling substantially impairs the prosecution of the case. (98 Ill. App. 3d 588, 597, 424 N.E.2d 785.) We decline, however, to accept such a strained interpretation of Supreme Court Rule 604(a)(1). Indeed, as the appellate court stated in *People v. Johnson* (1983), 113 Ill. App. 3d 367, 447 N.E.2d 502, "the language in *Tomasello* should not be construed so

broadly." (113 Ill. App. 3d 367, 372, 447 N.E.2d 502.) The court in Johnson instead proceeded to enunciate the following standard of reviewability:

> "a midtrial order 'suppressing evidence,' as that term is used in Supreme Court Rule 604(a)(1), is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules concerning the admission of evidence." 113 Ill. App. 3d 367, 373-74, 447 N.E.2d 502.

The trial court's ruling in Johnson was premised solely on evidentiary grounds, i.e., the relevancy of testimonial evidence proffered in the State's case-in-chief. The appellate court, therefore, found that it was not a suppression order from which an interlocutory appeal would lie. We are not bound to follow the decisions of the appellate courts of other districts in the State of Illinois. (Glasco Electric Co. v. Department of Revenue (1980), 87 Ill. App. 3d 1070, 1071, 409 N.E.2d 511, aff'd (1981), 86 Ill. 2d 346; Roby v. Illinois Founders Insurance Co. (1978), 57 Ill. App. 3d 89, 95, 372 N.E.2d 1097.) We do not take issue with the Johnson court's determination that the questioned ruling was a nonappealable order under Supreme Court Rule 604(a)(1). We cannot agree, however, that the analysis used to arrive at such a determination is that which governs the reviewability of a midtrial suppression order.

As we have previously explained, our supreme court has strictly interpreted its Rule 604(a)(1) so as to permit appellate review of midtrial rulings only with respect to: (1) an order entered on a motion to suppress evidence illegally seized; or (2) a trial court's authority to consider a motion not within the ambit of section 114—12(c) of the Code. It is this interpretation of Rule 604(a)(1), and not that enunciated in Tomasello or Johnson, by which we are bound. Indeed, our supreme court has declared that "[u]nder the 1970 Illinois Constitution, the final authority to prescribe the scope of interlocutory appeals by the State in a criminal case rests exclusively with this court [citation], and whether a particular order may be appealed depends solely upon our construction of our Rule 604(a)(1)." (Emphasis added.) People v. Young (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501.

It is our opinion that Supreme Court Rule 604(a)(1) was not intended to make every midtrial ruling prohibiting the introduction of evidence proffered by the State subject to interlocutory review.

"It requires little imagination to discern what chaos would ensue if every order such as the one in question here were appealable. As a practical matter, every ruling sustaining an objection to evidence amounts to a suppression of that evidence. If every such ruling were appealable, trials might last longer than lifetimes of the parties and appellate judges outnumber trial judges three to one." *People v. Thady* (1971), 133 Ill. App. 2d 795, 797, 270 N.E.2d 861.

As the *Johnson* court readily acknowledged, the scope of interlocutory appeals affects the orderly functioning of the judicial system. (*People v. Johnson* (1983), 113 Ill. App. 3d 367, 372, 447 N.E.2d 502.) We believe that if the scope of reviewability of interlocutory suppression orders is to be expanded, such an expansion is to be accomplished *solely* through the supreme court's construction of its Rule 604(a)(1). (*People v. Young* (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501.) Accordingly, we decline to follow the mechanics of the *Tomasello* and *Johnson* decisions. We find the midtrial order in question to be outside the ambit of review prescribed by our supreme court in *Flatt*.

## II

■ The State further contends that the trial court erroneously permitted the proceedings to continue pending the instant appeal. We reject this contention, and briefly note that, as a general rule, the only actions the court may take in the matter subsequent to filing of the notice of appeal are purely ministerial. (*People v. McBride* (1983), 114 Ill. App. 3d 75, 79, 448 N.E.2d 551.) However, the State has not cited to, nor are we aware of, any direct authority in Illinois which applies that rule where there is a purported appeal from a nonappealable order. To the contrary, in *People v. Benda* (1984), 124 Ill. App. 3d 950, 464 N.E.2d 1268, the court, relying on several recent Federal appellate court decisions, held that an appeal taken from a nonappealable order does not divest the trial judge of jurisdiction to proceed with trial. (*People v. Benda* (1984), 124 Ill. App. 3d 950, 953-54, 464 N.E.2d 1268, citing *United States v. Cannon* (7th Cir. 1983), 715 F.2d 1228, 1231, *cert. denied* (1984), 464 U.S. 1045, 79 L. Ed. 2d 178, 104 S. Ct. 716, and *United States v. Bastanipour* (7th Cir. 1982), 697 F.2d 170, 173, *cert. denied* (1983), 82 U.S. 6322, 76 L. Ed. 2d 358, 103 S. Ct. 1790.) We agree with the result in *Benda*, and hold that by filing the notice and certificate of appeal here, the State did not preclude the trial court from proceeding to a final disposition of matter before it.

## III

As a final note, we add that once the first witness was sworn and the court began to hear evidence during the bench trial below, jeopardy attached. (*People v. Alfano* (1980), 78 Ill. 2d 434, 446, 401 N.E.2d 554.) Defendant did not, at any point thereafter, deliberately choose to forego her right to have her guilt or innocence decided by the trial judge. Since the proceedings subsequently terminated with the unequivocal entry of a final judgment of acquittal, defendant's reprosecution would therefore be prohibited. *North Carolina v. Pearce* (1969), 395 U.S. 711, 717, 23 L. Ed. 2d 656, 664-65, 89 S. Ct. 2072, 2076.

The appeal from the judgment of the circuit court of Cook County is hereby dismissed.

Appeal dismissed.

HARTMAN, P.J., and PERLIN, J., concur.