THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
MICHAEL E. GOODWIN, Defendant-Appellee.

Second District   No. 2—89—0707

Opinion filed January 4, 1991.

Roger T. Russell, State's Attorney, of Belvidere (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller, Robert C. Cooper, and Thomas A. Lilien, all of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Defendant's bench trial for the offense of unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(c)) began on June 14, 1989. During the State's case in chief, defendant requested the disclosure of the name of a confidential informant who was present during the alleged transaction. After hearing the arguments of counsel and considering case law on the subject of the defendant's right to disclosure, the trial court ordered that the confidential source be disclosed.

When the State stipulated that its witness, special agent Gary Cooper of the Illinois State Police, would refuse to reveal the confidential source, the trial court entertained defendant's motion to strike certain testimony of the State's witness as a sanction against the prosecution. On July 11, 1989, after considering various options, the trial court ordered stricken Cooper's testimony regarding any activity which took place in the presence of the informant at the scene of the transaction. The trial court also granted the State leave to file an interlocutory appeal. We vacate and remand.

The State appeals from this midtrial order resulting in the suppression of its witness' testimony, citing as authority Supreme Court Rule 604(a)(1) (107 Ill. 2d 604(a)(1)) and *People v. Flatt* (1980), 82 Ill. 2d 250. The State has also filed the required certificate of impairment. The State contends that the trial court erred in considering the midtrial motion for disclosure because it was untimely; alternatively, the State argues that the ruling to disclose the identity of the informant was erroneous on its merits because the informant's role at the scene of the transaction was limited and defendant has not demonstrated the necessity of disclosure. Concluding that the trial court should not have heard the defendant's motion to suppress the testi-

mony of the officer because it was untimely made during trial, we must vacate the trial court's order and remand the cause for a continuation of the trial.

The record discloses the following additional relevant facts. On February 24, 1989, defendant filed his motion for discovery which included, among other things, a request that the State provide a list of the names and the addresses of any persons having knowledge of the offense. The State generally complied with discovery which included a list of the potential witnesses (presumably not including the confidential source) and an investigative report which summarized the circumstances of the drug transaction which took place in the J. Dubbs Bar, in Belvidere, Illinois, on the evening of November 16, 1988.

According to the report, Cooper was a special undercover agent who entered the bar with a confidential source who had agreed to introduce the agent to patrons of the bar to arrange for the purchase of cocaine. Cooper subsequently negotiated for the sale of cocaine with Ronnie Pease, the bartender. The report stated that, after the defendant entered the bar, there was a conversation between Pease and defendant. Pease then motioned to Cooper to meet with him at the south end of the bar. When Cooper walked over to the end of the bar, Pease advised him that he "had it" (the cocaine). The agent placed $50 on the bar, and Pease picked up the money and placed a small folded piece of paper into Cooper's hand. Cooper returned to the other end of the bar.

The report then indicates that, approximately two minutes later, Agent Cooper returned to the south end of the bar where defendant was still seated. Accompanying Cooper was the confidential source. Cooper asked defendant if he had a "half" for his friend (the informant). Defendant said to Cooper, "Yeah man, whatever you want." After Cooper handed him $50, defendant removed a folded piece of paper from a small plastic baggie and handed it to Cooper. The report went on to describe the contents of the folded paper as containing a white powder upon which positive field tests for cocaine were performed in the presence of other witnesses, and the report described the subsequent chain of custody of the evidence.

In April 1989, the State filed a supplemental answer to defendant's motion for discovery and included the transcript of a grand jury proceeding which alluded to the presence of a confidential source at the scene of the drug transaction. On June 1, 1989, at a hearing initially held on defendant's motion for a change of venue, a discussion took place regarding defendant's request for notes taken by police officers. At that time, defense counsel indicated that he would be filing

motions to obtain police notes allegedly hidden in foreign or confidential files and to get specific information regarding the confidential source. A status date was set for June 13; defense counsel stated that he would file any additional motions by that date. The record discloses that no additional motion seeking the name of the confidential source was filed prior to trial.

On June 14, 1989, defendant's bench trial began. James O'Connor, a forensic scientist, testified regarding the testing and chain of custody of the State's exhibit No. 1 which included a paper fold found to contain cocaine. Patrick Young, a sergeant with the Illinois State Police, also testified regarding the chain of custody of the State's exhibit No. 1 which he had received from special agent Cooper.

Mark Henry, another special agent, testified for the prosecution regarding his involvement in the surveillance of the bar. From his car, he observed Cooper enter J. Dubbs Bar at 10:40 p.m. on November 16, 1988; he believed that Cooper was accompanied by another person but did not know the person's name. Henry did not observe what actually transpired inside the bar.

Special agent Gary Cooper testified regarding the transactions which occurred in the bar on November 16, 1988. His testimony was substantially similar to the account of the incident found in the investigative report, and it need not be repeated here. On cross-examination, defense counsel attempted to determine who entered the bar with Agent Cooper. It was established that, at the time of the transaction, the confidential source was inside the tavern, but was initially at the opposite end of the bar. However, Cooper testified that the informant was next to him when he made the second purchase from defendant. The only persons in the bar at the time were the defendant, the bartender, the informant, and Cooper.

The court opined that if the informant were a witness, he should no longer be treated as a confidential source. The State objected to revealing the identity of the source because it maintained that he was not a direct participant in the transaction and this question should not have been raised for the first time at trial. Defendant argued that it violated the principle of fair play for the defendant not to be allowed to face his accuser; he did not file an earlier motion because he was unsure how this event transpired and because the police report was not completely clear on the matter. The State pointed out that the confidential source was mentioned in the police report.

A recess was taken to research the law on the subject. After the court reconvened and heard further arguments on the merits and the timeliness of the request to reveal the identity of the confidential

source, the court concluded that the defendant was entitled to interview the confidential source as a witness.

After another recess, the State again argued that defendant should have filed a motion and sought a prior hearing on this issue. The State asked for a continuance to research the issue further. The State's request was granted, and the defense continued its cross-examination on matters other than the identity of the confidential source.

A hearing on the issue of the identity of the confidential source was held on July 3, 1989. After considering the arguments of counsel regarding whether the State should be required to reveal the identity of the informant and whether the defendant's request was timely, the trial court concluded that Agent Cooper must be required to disclose the identity of the informant. In making its ruling, the trial court took particular note of *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, and *People v. Perez* (1974), 25 Ill. App. 3d 371.

On July 5, 1989, the State informed the court that Agent Cooper would not reveal the name or the address of the confidential informant. After defendant stated that he would consider moving to strike Agent Cooper's testimony, the trial court advised the State that it would consider the options of holding Cooper in contempt, striking his testimony, or dismissing the case on due process grounds. The trial court directed that Agent Cooper appear on July 11, 1989, when the trial was to resume.

On July 11, the parties stipulated that, if Agent Cooper were called to testify, he would not reveal the name or the address of the informant who was present at the tavern on November 16, 1988. Upon defendant's motion to strike, the trial court ordered stricken the testimony of Agent Cooper insofar as it described events in the tavern which occurred in the presence of the confidential informant. The court found the failure to disclose attributable to the State and not merely to the individual witness; the court suppressed this testimony because it believed this to be the only appropriate and effective sanction for depriving the defendant of his right to compel the attendance of witnesses and face his accusers under the sixth and fourteenth amendments to the United States Constitution (U.S. Const., amends. VI, XIV) and sections 2 and 8 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, §§2, 8).

On appeal, the State first argues that defendant's request that the State's witness disclose the identity of the informant was untimely made and, therefore, it was an abuse of discretion for the trial court

to strike the testimony of Agent Cooper. The State points out that, by virtue of the investigative report provided in the State's answer to discovery three months before trial, defendant was aware of the existence of an informer who was present in the bar at the time of the alleged drug transaction. The transcript of the grand jury proceeding also alludes to the existence of the informer, and defense counsel indicated in pretrial proceedings that he would be filing motions to obtain information regarding the confidential source.

We first examine the procedural posture of this appeal. In criminal trials, under prescribed conditions, the State has a limited right to appeal from an interlocutory order the substantive effect of which, among other things, results in the suppression of evidence. (107 Ill. 2d R. 604(a)(1); *People v. McQueen* (1983), 115 Ill. App. 3d 833, 836.) Pursuant to Supreme Court Rule 604(a)(1), the State may appeal a pretrial suppression order when it certifies to the trial court that the order substantially impairs the State's ability to prosecute the case. (115 Ill. App. 3d at 836.) While pretrial orders which have a preclusive effect on the admission of evidence are generally appealable (see *People v. Hatfield* (1987), 161 Ill. App. 3d 401, 405), different rules apply to the appellate review of midtrial orders which result in the suppression of evidence (see *People v. Flatt* (1980), 82 Ill. 2d 250, 262-66, and cases interpreting *Flatt, e.g., McQueen*, 115 Ill. App. 3d at 836; *People v. Johnson* (1983), 113 Ill. App. 3d 367, 370-71; *People v. Tomasello* (1981), 98 Ill. App. 3d 588, 597; see also *Hatfield*, 161 Ill. App. 3d at 405 (and cases cited therein)). The scope of such interlocutory appeals has been circumscribed by our supreme court's construction of Rule 604(a)(1) (*People v. Young* (1980), 82 Ill. 2d 234, 239, 243), and the court has shown a reluctance to allow midtrial appeals (*Johnson*, 113 Ill. App. 3d at 373) because of their disruptive effect on ongoing trials and the burden they place on the defendant (*Young*, 82 Ill. 2d at 244).

In *People v. Flatt*, the motion in question was a midtrial motion to suppress fingerprint evidence for failure of the State to comply with discovery orders of the court. The court held that the trial court erroneously considered the merits of defendant's motion where it was filed and the order entered after the jury was sworn and jeopardy had attached. The *Flatt* court determined that, once a trial has begun, the State may appeal and challenge only (1) orders suppressing evidence entered pursuant to the provisions of section 114—12(c) of the Code of Criminal Procedure of 1963 pertaining to illegally seized evidence (Ill. Rev. Stat. 1981, ch. 38, par. 114—12(c)) or (2) the authority of the trial court to entertain a motion not authorized pursu-

ant to section 114—12(c). (*Flatt*, 82 Ill. 2d at 264.) Thus, according to *Flatt*, in the first instance, the State may obtain review on the merits of a midtrial suppression order where the order granted a defense motion to suppress evidence on the ground that it was obtained illegally. (82 Ill. 2d at 263-64.) If, however, the defendant's motion did not allege that the evidence was obtained illegally and the trial court granted the motion, the State could only seek review of the court's *authority* to entertain the motion during trial; in such a case, though, the merits of the trial court's ruling would not be considered. *Flatt*, 82 Ill. 2d at 263-64; *People v. Johnson*, 113 Ill. App. 3d at 371.

■ This court has defined a midtrial order "suppressing evidence," as that term has been used in Supreme Court Rule 604(a)(1), as one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or, even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other ground besides the recognized rules concerning the admission of evidence. (*Johnson*, 113 Ill. App. 3d at 373-74.) In the present case, the testimony of the State's witness was stricken not because it was illegally obtained, but because the trial court ordered the testimony stricken as a sanction for the State's failure to comply with its midtrial ruling ordering disclosure of the identity of the informant. In response to the State's continuing objection to the untimeliness of defendant's motion to suppress, defendant has not cited to us any case wherein a defendant, in similar circumstances, who had the opportunity to obtain a pretrial ruling on his discovery motion and who, instead, brought a midtrial motion to suppress evidence that was legally obtained, was able to prevail in an interlocutory appeal.

Notwithstanding the possible merits of defendant's request to obtain disclosure of the identity of the informant and the need for the trial court to secure compliance with its orders, our examination of *Flatt* and its progeny persuades us to hold that defendant's motion was untimely and the trial court should not have considered it.

In *People v. Hughes* (1989), 181 Ill. App. 3d 300, this court held that it was an abuse of discretion for a trial court to grant a midtrial hearing on defendant's motion to suppress certain statements allegedly made to the police before he was given his *Miranda* warnings. Section 114—11(g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—11(g)) requires such a motion to be made before trial unless there was not an opportunity to do so or unless the defendant was not aware of the ground for the motion before trial. This court concluded that, where the defendant had an opportu-

nity to file a pretrial motion and was aware of the ground for the motion, the trial court should not have entertained and granted defendant's midtrial motion.

In the more analogous case of *People v. Tomasello* (1981), 98 Ill. App. 3d 588, the trial court granted defendant's midtrial motion to strike the testimony of certain witnesses and evidence because of the State's violation of an Illinois statute governing the appropriate compensation to be paid detectives and investigators (Ill. Rev. Stat. 1977, ch. 111, par. 2701). Relying on *Flatt*, this court determined that this was an order "suppressing" evidence because its substantive effect was to prevent evidence from being admitted. Because defendant's motion was not based upon the constitutional grounds enumerated in section 114–12 of the Code, the trial court was held to have no authority to entertain the motion during the trial. Citing *Flatt*, the court noted that the interruption of a trial for the determination of a motion to suppress based on a collateral issue other than as authorized by section 114–12(c) is impermissible. (*Tomasello*, 98 Ill. App. 3d at 598.) The *Tomasello* court also observed that, where a reviewing court determines that such a motion should not have been entertained during trial, the appropriate remedy is to vacate the order and remand the cause for a continuation of the trial. See also *People v. Elbus* (1983), 116 Ill. App. 3d 104 (where defendant was aware prior to trial that he did not possess all material information to which he claimed entitlement under discovery request, he may not claim surprise at trial; suppression of evidence was too harsh a sanction).

In *People v. Davidson* (1983), 116 Ill. App. 3d 164, 170-71, in response to the defendant's midtrial motion, the trial court excluded handwriting exemplars perceived to implicate the defendant's fifth amendment right against self-incrimination; similarly, the trial court excluded a witness' testimony on the basis of the attorney-client privilege. The *Davidson* court determined that, since the rulings were based on allegations of illegal State conduct and the public policy against admitting such evidence as opposed to an evaluation of its reliability or relevance, the trial court was deemed to have "suppressed" the evidence and the testimony. In the first instance, the reviewing court noted that the motion did not allege that the evidence was illegally obtained and the motion could have been brought before trial; accordingly, it was deemed to involve an issue collateral to a determination of the defendant's guilt or innocence midtrial. The appellate court vacated both orders and remanded the cause after it found both motions to be untimely and that the trial court was without authority to consider them.

In *People v. Ator* (1976), 37 Ill. App. 3d 304, the defendant contended that he was denied his due process and sixth amendment right to confront witnesses against him because the State failed to produce a paid informer. The defendant, who was aware of the name and address of the informer before trial, delayed until midtrial, after jeopardy attached, to bring his motion before the trial court and made no showing of circumstances which would justify the delay. The *Ator* court held that since defendant's motion was untimely made, the trial court properly denied the motion to produce the informer in view of defendant's unjustified delay. 37 Ill. App. 3d at 308.

Our review of the above cases persuades us that, in the present case, defendant's midtrial motion was not timely made; defendant presents no satisfactory explanation to justify his delay. He was well aware of the existence of the informer before trial. The trial court's order striking the testimony of Agent Cooper must be deemed an order suppressing the State's evidence; the trial court should neither have heard the motion nor entered the order under these circumstances. We will, therefore, not address the merits of defendant's motion or the trial court's findings regarding the issue of disclosure of the informant.

The order of the circuit court is vacated and the cause remanded for a continuation of the trial.

Vacated and remanded.

INGLIS and UNVERZAGT, JJ., concur.