THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS P. MORRIS, Defendant-Appellee.

Second District    No. 2—08—0172

Opinion filed September 18, 2009.

Joseph E. Birkett, State's Attorney, of Wheaton (Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Donald J. Ramsell, of Ramsell & Associates, LLC, of Wheaton, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, the People of the State of Illinois, appeal from the trial court's order granting the motion of defendant, Thomas P. Morris, to bar the use of blood-alcohol test results. We reverse and remand.

Defendant was charged by indictment with aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1), (a)(2), (d)(1)(A) (West 2006)) and various minor traffic offenses arising from his arrest on February 17, 2007. Officer Kalinowicz of the Carol Stream police department obtained a search warrant to obtain blood and urine specimens from defendant at Glen Oaks Hospital. According to a later filing by defendant, the testing of that blood, done five hours after the traffic stop, resulted in a blood-alcohol reading of 0.10.

On October 15, 2007, defendant filed a motion *in limine* to bar the blood-alcohol test results, arguing that the disinfecting swab in the DUI kit used to draw his blood contained low levels of alcohol, in violation of the version of section 1286.320(c) of Title 20 of the Administrative Code (20 Ill. Adm. Code §1286.320(c)) that was in effect at the time of his arrest and the drawing of his blood. At that time, section 1286.320(c) stated: "A disinfectant that does not contain alcohol shall be used to clean the skin where a sample [of blood] is to be collected." 20 Ill. Adm. Code §1286.320(c), amended at 28 Ill. Reg.

10039, eff. June 30, 2004. The Code was later amended to read: "The blood sample should be drawn using proper medical technique." 20 Ill. Adm. Code §1286.320(c), amended at 31 Ill. Reg. 10188, eff. July 9, 2007 (emergency amendment, in effect only for 150 days); 31 Ill. Reg. 15107, eff. October 29, 2007 (permanently amended). The trial court denied the motion and continued the case for trial.

In December 2007, defendant filed a motion to reconsider barring the blood-alcohol test results because the use of alcohol swabs had "not gained general acceptance in the field of blood alcohol testing." During argument on this motion, on January 18, 2008, defendant orally urged the trial court to reconsider its ruling on his prior motion to bar the test results, citing the case of *Ludvigsen v. City of Seattle*, 162 Wash. 2d 660, 174 P.3d 43 (2007). The court granted defendant's motion to reconsider on February 4 and barred defendant's blood-alcohol test results from being introduced at trial. The State filed a notice of appeal and a certificate of impairment, and this appeal followed.

The State contends that the trial court erred in granting defendant's motion to bar the blood-alcohol test evidence. In general, this court will review for an abuse of discretion a trial court's ruling on a motion *in limine*. *People v. Oliver*, 387 Ill. App. 3d 1162, 1166-67 (2009). However, where the issue on appeal is a question of law, our review is *de novo*. *Oliver*, 387 Ill. App. 3d at 1167. The interpretation of an administrative rule or regulation is a question of law to which the principles of statutory interpretation apply. *Oliver*, 387 Ill. App. 3d at 1167.

Both the United States and Illinois Constitutions prohibit the imposition of *ex post facto* laws. See U.S. Const., art. I, §10; Ill. Const. 1970, art. I, §16. An *ex post facto* law is one that is both retroactive and disadvantageous to the defendant. *People v. Kotecki*, 279 Ill. App. 3d 1006, 1010 (1996). A law is retroactive if it applies to events that occurred before the law was enacted. *Kotecki*, 279 Ill. App. 3d at 1010. A law is disadvantageous to the defendant if it: (1) criminalizes an act that was innocent when it was done; (2) increases the punishment for an offense that was previously committed; or (3) alters the rules of evidence to make conviction easier, by making " 'substantive change[s] in the evidence needed to convict for the particular crime in question.' " *Kotecki*, 279 Ill. App. 3d at 1010-11, quoting *People v. Dorff*, 77 Ill. App. 3d 882, 885 (1979).

The *ex post facto* clause, however, does not limit the legislature's control of remedies or modes of procedure if they do not affect matters of substance; an amendment that affects only procedural matters and not substantive rights will be applied retroactively as well as

prospectively. *Kotecki*, 279 Ill. App. 3d at 1011. As the Supreme Court has stated:

> "[W]e cannot perceive any ground upon which to hold a statute to be *ex post facto* which does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offence was committed." *Thompson v. Missouri*, 171 U.S. 380, 387, 43 L. Ed. 204, 207, 18 S. Ct. 922, 924 (1898).

This court adheres to this holding. See *Kotecki*, 279 Ill. App. 3d at 1013.

The amended rule in this case did not criminalize an act that was innocent when done or increase the punishment upon conviction. However, defendant argues that the amendment made conviction easier by lessening the State's burden of proof and removing a defense to the charge; thus, according to defendant, the rule change affected substantive rights, not just procedure. We disagree.

Substantive rights are not affected where an amendment does not: (1) enlarge the punishment; (2) criminalize conduct that was legal when it was committed; (3) change the quality or degree of the offense; or (4) alter the law so as to require less proof, in amount or degree, to convict. *Kotecki*, 279 Ill. App. 3d at 1013.

Section 11—501.2 of the Illinois Vehicle Code (625 ILCS 5/11—501.2 (West 2006)) governs the admissibility of blood-alcohol test results in DUI prosecutions. Pursuant to section 11—501.2(a)(1), in order for a blood analysis "to be considered valid under the provisions of this Section," it "*shall* have been performed according to standards promulgated by the Department of State Police." (Emphasis added.) 625 ILCS 5/11—501.2(a)(1) (West 2006). Failure to comply with section 11—501.2 and the regulations promulgated thereunder renders the results of chemical tests inadmissible in a DUI prosecution. *People v. Hamilton*, 118 Ill. 2d 153, 160 (1987); *People v. Emrich*, 113 Ill. 2d 343, 350 (1986). As failure to follow the regulations makes certain evidence, the test results, inadmissible, amending the rule "does nothing more than admit evidence of a particular kind in a criminal case upon an issue of fact which was not admissible under the rules of evidence as enforced by judicial decisions at the time the offence was committed." *Thompson*, 171 U.S. at 387, 43 L. Ed. at 207, 18 S. Ct. at 924. Contrary to defendant's argument, the amendment does not lessen the State's burden of proof or make conviction easier. The State must still prove that defendant drove or was in actual physical control of a vehicle within this state while under the influence of alcohol or while the alcohol concentration in his blood or breath was 0.08 or

more. See 625 ILCS 5/11—501(a)(1), (a)(2) (West 2006). The elements of the charge and the burden of proof are the same. All that has changed is that a piece of evidence that may have been inadmissible under the preamendment regulation is now admissible. Evidence of the concentration of alcohol in a person's blood gives rise to rebuttable presumptions about intoxication. See 625 ILCS 5/11—501.2(b) (West 2006); *Cairns v. Hansen*, 170 Ill. App. 3d 505, 509 (1988). The jury still has the right to determine the sufficiency or effect of the now-admissible evidence. See *Kotecki*, 279 Ill. App. 3d at 1011; *Dorff*, 77 Ill. App. 3d at 887. This, by definition, is procedural, not substantive.

Furthermore, the fact that the regulation has been amended does not mean that defendant cannot challenge the blood draw and attempt to keep the test results out. There has yet to be any kind of factual hearing as to whether the use of a disinfectant that contains any amount of alcohol is an improper medical technique to draw blood under the amended regulation or whether use of such a disinfectant could or actually did skew the test results. Furthermore, there is no evidence of record that a disinfectant solution containing a 0.005 concentration of alcohol,[1] when applied to the skin with a swab, could significantly affect a blood-alcohol test. On this record, defendant has not been denied a defense to the charge or subjected to a lesser burden of proof.

Based upon this record, the amended regulation affected procedure, not substantive rights, and thus should have been applied retroactively. Therefore, the trial court erred in its conclusion that the amendment constituted an *ex post facto* law and in granting, on reconsideration, defendant's motion *in limine*.

For these reasons, the order of the circuit court of Du Page County granting defendant's motion to reconsider and motion *in limine* is reversed, and the cause is remanded for further proceedings.

Reversed and remanded for further proceedings.

HUTCHINSON and HUDSON, JJ., concur.

---

[1]This figure indicates that the alcohol concentration of the disinfectant solution is measured 10 times more accurately than the accuracy of a blood-alcohol test, *i.e.*, it has one more significant figure and is, at maximum concentration and most optimal conditions for contamination, only one-half of the last significant number measuring blood-alcohol concentrations. Significant figures are defined as "figures of a number that begin with the first figure to the left that is not zero and that end with the last figure to the right that is not zero or is a zero that is considered to be correct." Webster's Third New International Dictionary 2116 (1993).