# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Phillips, 2011 IL App (2d) 101142**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BRADLEY W. PHILLIPS, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-10-1142 |
| Filed | December 29, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a DUI prosecution, the State's appeal from the grant of defendant's motion to strike the results of defendant's breath test on the ground that the State did not proffer the reference sample value of the instrument used to administer the breath test in compliance with section 1286.230 of title 20 of the Illinois Administrative Code was dismissed for lack of jurisdiction, since the basis of defendant's midtrial motion to strike was the State's failure to comply with the version of section 1286.230 in effect at the time of trial, not that the test results were illegally obtained, the State's appeal was not the type contemplated by Supreme Court Rule 604(a)(1), and defendant did bring his motion at his first opportunity. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-DT-2287; the Hon. William I. Ferguson, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Frederick Flather, Assistant State's Attorneys, of counsel), for the People.

Stephen J. Klein, of Ramsell & Associates, LLC, of Wheaton, for appellee.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justices McLaren and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1      On March 10, 2009, defendant, Bradley W. Phillips, was arrested and charged by information with two counts of driving under the influence of alcohol (625 ILCS 5/11-501(a)(1), (a)(2) (West 2008)), and one count of speeding (625 ILCS 5/11-601(b) (West 2008)). Defendant was administered a breath test, and the State later attempted to introduce the results of that test at defendant's bench trial. Defendant objected and moved to strike the results of the breath test on the basis that the amended version of the regulatory provision governing the certification of evidentiary breath test instruments retroactively applied and therefore excluded the results because the State did not proffer the reference sample value on the instrument used to administer the breath test. The trial court granted defendant's motion to strike. The State now appeals the trial court's interlocutory order, contending that (1) an interlocutory appeal pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2006) is appropriate; and (2) the amended version of section 1286.230 of title 20 of the Illinois Administrative Code (the Administrative Code) (20 Ill. Adm. Code 1286.230 (2011)) does not apply retroactively to breath tests administered prior to June 4, 2009. For the reasons set forth below, we dismiss this appeal for lack of jurisdiction.

¶ 2                            I. BACKGROUND

¶ 3      The record reflects that on March 10, 2009, defendant was arrested in Warrenville and charged with two counts of driving under the influence of alcohol and one count of speeding. A bench trial commenced on November 1, 2010. The State first called Officer Todd Mossey, a police officer with the Warrenville police department. Mossey testified that he was certified to administer breath tests to determine blood alcohol levels. Mossey testified that on March 10, 2009, he was asked to assist with the observation of a breath test being administered to defendant at the police department. Mossey testified that defendant agreed to submit to the breath test and that the results of that test revealed a blood alcohol content of 0.184. During cross-examination, Mossey acknowledged that he did not know the reference sample value

on the instrument used for the breath test and that the logbook reflecting the results of tests administered did not contain the reference sample value. On redirect examination, the State tendered two affidavits from Officer Tim Miller, who averred that the instrument used to test defendant's blood alcohol level was "checked for calibration [and accuracy]" and that the results of the analysis "coincided with the predicated alcohol concentration of the reference sample within [plus or minus] .01 W/V." Defendant objected to the admission of the affidavits on the basis that they exceeded the scope of his cross-examination and were in violation of discovery. In responding to a question from the trial court, the State acknowledged that it did not turn over the Miller affidavits to defendant before trial. The trial court admitted the affidavits into evidence subject to cross-examination.

¶ 4        The State then called Officer Thomas Bellinger, a police officer with the Warrenville police department. Bellinger testified that he effected a traffic stop after his speed radar displayed that defendant's car was traveling 52 miles per hour in a 35-mile-per-hour speed zone. Bellinger testified that, when defendant was pulled over, his speech was "very slurred," his eyes were bloodshot and "glassy," and he repeatedly licked his lips, indicating that his mouth was dry. Bellinger testified that, based on his experience as a police officer and his observations of defendant, defendant appeared to be under the influence of alcohol while operating his vehicle. The State rested after Bellinger's testimony.

¶ 5        After the State rested, defendant moved to strike the results of the breath test. Defendant argued that section 1286.230 of title 20 of the Administrative Code, which was amended on June 4, 2009, provided that evidentiary instruments used to administer breath tests must quantitate a reference sample within 10% of the reference sample value as adjusted for environmental factors. According to defendant, because the affidavits did not specify the reference sample value for the instrument, the trial court could not determine whether the instrument quantitated a reference sample within 10% of the reference sample value, as required by the Administrative Code. Defendant further argued that, pursuant to this court's decision in *People v. Morris*, 394 Ill. App. 3d 678 (2009), the State was required to demonstrate that it complied with the version of section 1286.230 that was in effect at the time of trial, not the version of that provision that was in effect when the breath test was administered. According to defendant, the State failed to establish that the machine used to administer the breath test was correctly certified pursuant to the rules that existed at the time of trial. Defendant also raised other arguments, which are not at issue in this appeal, for why the results of the breath test should not be permitted into evidence. The State countered that the motion should be denied because the State complied with the version of section 1286.230 that was in effect when defendant was arrested and the test was administered. The State further argued that if the trial court was interpreting which law applied to this particular case, the State would be able to file a certificate of impairment and seek an interlocutory appeal.

¶ 6        The trial court granted defendant's motion to strike the results of the breath test. Citing *Morris*, the trial court concluded:

        "[*Morris*] indicates that the *ex post facto* clause does not limit the legislature's control of remedies or modes of procedure if they do not affect matters of substance, and an amendment that affects only procedure matters and not substantive rights will be applied retroactively, as well as prospectively.

-3-

And the [court in *Morris*] went on to say that the new standards apply and that the amended regulations affected the procedure, not substantive rights, and, thus, should have been applied retroactively.

Similarly, the [c]ourt finds that, under *Morris*, I'm compelled to follow that case, and that means that the new rules apply."

The trial court concluded that, because there was no evidence indicating that the State complied with the amended version of section 1286.230, there was a missing element with regard to the proper foundation for the admission of the breath test results. Thereafter, the trial court granted the State leave to reopen the proofs and recessed the trial until the next day. When the matter resumed, the State filed *instanter* a certificate of impairment and a notice of appeal, claiming that the ruling striking the results of the breath test was effectively a suppression that impaired its ability to submit material evidence necessary to prove its case. This appeal followed.

¶ 7                                            II. DISCUSSION

¶ 8                                            A. Rule 604(a)(1)

¶ 9        The first issue on appeal is whether the State has a right to appeal the trial court's interlocutory order, pursuant to Illinois Supreme Court Rule 604(a)(1). The State argues that, because the substantive effect of the trial court's ruling was to suppress evidence, it has a right to appeal. Defendant argues that this appeal should be dismissed because the trial court's ruling was evidentiary and therefore not appealable. Defendant further argues that jurisdiction pursuant to Rule 604(a)(1) is not appropriate because he was not able to object to the Miller affidavits before trial because those affidavits were not disclosed until after trial commenced. Finally, defendant argued at oral argument that the charges against him should be dismissed as a sanction against the State for improperly bringing this appeal. Defendant argues that the "unjust delay" resulting from the State's interlocutory appeal adversely affected his due process rights.

¶ 10       Initially, we address defendant's argument that the charges should be dismissed as a sanction against the State for improperly bringing this appeal. Although Illinois Supreme Court Rule 375 provides a reviewing court with inherent jurisdiction to sanction a party for an appeal not brought in good faith, it does not specifically provide that a court can dismiss criminal charges as a sanction. See Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). Thus, as discussed below, our inquiry is limited to whether the trial court properly entertained defendant's motion to strike the results of the breath test.

¶ 11       Turning to the issue of jurisdiction, Illinois Supreme Court Rule 604(a)(1) provides that the State may appeal an order or judgment the substantive effect of which results in suppressing evidence. Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2006). The substantive effect of a trial court's order, as opposed to the label of the order or its underlying motion, controls whether the order is appealable pursuant to Rule 604(a)(1). *People v. Kruger*, 327 Ill. App. 3d 839, 843 (2002) (citing *People v. Drum*, 194 Ill. 2d 485, 489 (2000)). "[I]f the trial court's order precludes the State from presenting evidence to the fact finder, the State may appeal the order pursuant to Rule 604(a)(1)." *People v. Galarza*, 391 Ill. App. 3d 805, 810 (2009).

Whether we have jurisdiction, which involves the interpretation of Rule 604(a)(1), is a question of law, subject to *de novo* review. *People v. Baltimore*, 381 Ill. App. 3d 115, 123 (2008).

¶ 12　　Illinois law is well settled that, while pretrial orders suppressing evidence have a preclusive effect and are generally appealable, different rules apply for midtrial orders resulting in the suppression of evidence, because such orders have a disruptive effect on ongoing trials and burden the defendant. *People v. Goodwin*, 207 Ill. App. 3d 282, 287 (1991). Thus, Rule 604(a)(1) was not intended to make every midtrial ruling prohibiting the introduction of evidence proffered by the State subject to interlocutory review. *People v. Bradley*, 129 Ill. App. 3d 177, 181-82 (1984). A midtrial order "suppressing evidence," within the meaning of Rule 604(a)(1), "is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules concerning the admission of evidence." *People v. Johnson*, 113 Ill. App. 3d 367, 373-74 (1983) (dismissing an appeal because the trial court's ruling, though potentially erroneous on a substantive basis, was based wholly on evidentiary grounds). Accordingly, the State may obtain review of the merits of a midtrial suppression order where the order granted a defendant's motion to suppress evidence on the ground that it was illegally obtained; however, if the defendant's motion to suppress evidence did not allege that the evidence was illegally obtained, the State can seek review only of the trial court's authority to entertain the motion to suppress during the trial and not of the merits of the trial court's ruling. *Goodwin*, 207 Ill. App. 3d at 288 (citing *People v. Flatt*, 82 Ill. 2d 250, 263-64 (1980)).

¶ 13　　In the current matter, the State's appeal of the merits of defendant's midtrial motion to strike the results of the breath test is not the type of appeal contemplated by Rule 604(a)(1). The basis of defendant's motion was that Miller's affidavits did not comply with the version of section 1286.230 of title 20 of the Administrative Code in effect at the time of trial, because those affidavits did not specify the reference sample value on the instrument used to administer the test. Therefore, because defendant did not allege that the results of the test were illegally obtained, our review is limited to whether the trial court had authority to entertain defendant's motion to strike. See *Goodwin*, 207 Ill. App. 3d at 288.

¶ 14　　Here, the trial court properly considered defendant's motion to strike the results of his breath test. As the State acknowledged, Miller's affidavits were not turned over to defendant until the bench trial had already commenced. Thus, defendant could not have previously objected to the results on the basis that the Miller affidavits failed to include the reference sample value on the instrument used for the test, as required by the current version of section 1286.230. Because the trial court considered defendant's motion to strike promptly after defendant raised his objection at the first available opportunity, the trial court properly considered the motion. Therefore, the State's appeal is not within the ambit of Rule 604(a)(1). See *Bradley*, 129 Ill. App. 3d at 180.

¶ 15　　We find support for our determination in *Bradley*. In *Bradley*, the defendant was charged with two counts of reckless homicide and one count of driving under the influence. *Bradley*, 129 Ill. App. 3d at 178. During the bench trial, the State sought to introduce the results of a

chemical analysis performed on a sample of the defendant's blood taken soon after the accident. The State called as a witness an expert in the field of "drawing blood and testing of blood for alcoholic content." *Id.* The defendant objected, arguing that the witness lacked the necessary permit issued by the Illinois Department of Public Health, and the defendant also challenged the accuracy of the machine that analyzed her blood sample. *Id.* The trial court held that, unless the State could demonstrate that the witness possessed the requisite permit, his testimony was impermissible. *Id.* On appeal, the reviewing court first noted that the trial court properly considered the defendant's exclusionary motion, because the defendant made the motion when her attorney first became aware of the deficiency in the witness's certification. The reviewing court emphasized that the hospital records that were disclosed prior to the defendant's trial did not include the witness's name, the capacity of his employment at the hospital, or his qualifications. *Id.* at 180. As a result, the reviewing court concluded that the State's interlocutory appeal was not within the ambit of Rule 604(a)(1) and dismissed the appeal. *Id.*

¶ 16        Similarly here, the Miller affidavits were not disclosed to defendant until after his bench trial had commenced. Therefore, until trial, defendant could not have objected to the results of the breath test based on the State's failure to comply with the current version of section 1286.230. As a result, the trial court correctly considered defendant's motion to strike the results of the breath test for failing to include a reference sample value. See *id.*

¶ 17        We find further support in *Goodwin*. In *Goodwin*, during the defendant's bench trial, the trial court ordered that the name of a confidential informant be disclosed, at the defendant's request. *Goodwin*, 207 Ill. App. 3d at 283. The State's witness, a special agent with the State Police, refused to reveal the confidential informant's name, and the trial court considered and granted the defendant's motion to strike certain testimony as a sanction. The State sought an interlocutory appeal from the trial court's midtrial order, pursuant to Rule 604(a)(1). *Id.* On appeal, after concluding that the trial court should not have entertained the defendant's motion to suppress the testimony, the reviewing court vacated the trial court's order striking the testimony. *Id.* at 283-84, 287. The reviewing court emphasized that the defendant failed to offer a satisfactory explanation for failing to bring his motion to suppress before trial, because, pursuant to the discovery, he was "well aware of the existence of the informer before trial." *Id.* at 290. Therefore, because the motion was untimely, the trial court "should neither have heard the motion nor entered the order under these circumstances." *Id.*

¶ 18        Although *Goodwin* reached the opposite result that we reach, its reasoning is instructive. The court in *Goodwin* emphasized that the defendant's midtrial motion to suppress was not timely, because the defendant had the opportunity to file a motion to suppress before trial. Conversely, defendant's motion to strike the results of his breath test was premised on the Miller affidavits failing to contain the reference sample value required by the current version of section 1286.230. As noted above, the State conceded that the affidavits were not provided to defendant before trial. Therefore, defendant brought his motion to strike at the earliest opportunity, and, as a result, his motion was timely.

¶ 19        Finally, we note that the trial court granted the State leave to reopen the proofs. Therefore, although the trial court granted defendant's motion to strike the results of the breath test because the State did not comply with section 1286.230, the State could have

proffered additional evidence demonstrating that it complied.

¶ 20 In sum, Illinois courts have unequivocally held that the State's right to appeal from a midtrial order suppressing evidence is limited. Here, because the basis of defendant's motion to strike was not that the evidence was illegally obtained, but, rather, that the results of his breath test did not comply with the current version of section 1286.230, our inquiry is limited to whether the trial court properly entertained defendant's motion to strike. Because defendant brought his motion at the first opportunity, the trial court correctly entertained the motion. Therefore, the State's appeal pursuant to Rule 604(a)(1) is not properly before this court, and we must dismiss this appeal.

¶ 21 B. Section 1286.230 Retroactive Application

¶ 22 Having affirmed the timeliness of defendant's motion to strike the results of the breath test, we dismiss the State's appeal contending that the trial court erred in suppressing the evidence pursuant to *Morris*. In so doing, we reject the State's request that we take this opportunity to provide guidance to lower courts regarding the retroactive applicability of section 1286.230. Illinois law is clear that "a reviewing court should not decide a case where the judgment would have only an advisory effect." *People v. Ousley*, 235 Ill. 2d 299, 305 (2009).

¶ 23 C. Defendant's Motion to Cite Additional Authority

¶ 24 During the pendency of this appeal, defendant filed a motion seeking to cite additional authority regarding the retroactive application of section 1286.230. Because we lack jurisdiction, we deny defendant's motion as moot. See *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009) (noting that courts in Illinois do not consider issues where the result will not be affected regardless of how those issues are decided).

¶ 25 III. CONCLUSION

¶ 26 For the reasons set forth above, we dismiss the State's appeal for lack of jurisdiction.

¶ 27 Appeal dismissed.