2025 IL App (3d) 230611

Opinion filed February 26, 2025

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
|---|---|---|
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-23-0611 |
| v. | ) | Circuit No. 16-CF-2230 |
| | ) | |
| CHRISTOPHER D. DEWEY, | ) | Honorable |
| | ) | Vincent F. Cornelius, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Peterson and Anderson concurred in the judgment and opinion.

**OPINION**

¶ 1        The State seeks to appeal the ruling of the Will County circuit court that excluded the admission of evidence obtained pursuant to a valid search warrant at a bench trial. The State argues that, while brought as an objection on relevancy grounds, the defendant, Christopher D. Dewey, substantively raised a midtrial motion to suppress evidence, which was improperly granted by the court. The defendant alleges that the exclusion of evidence was an evidentiary ruling that, pursuant to Illinois Supreme Court Rule 604(a) (eff. Oct. 19, 2023) and the cases interpreting it, divests this court of jurisdiction to hear the State's appeal.

¶ 2                                        I. BACKGROUND

¶ 3	On October 19, 2016, relevant to this appeal, the defendant was charged with eight counts of unlawful sale of drug paraphernalia (720 ILCS 600/3(a) (West 2016)), two counts of money laundering (720 ILCS 5/29B-1(a)(1) (West 2016)), and one count of fictitious or unlawfully altered identification card (15 ILCS 335/14A(b)(1) (West 2016)) based on conduct occurring between June 15 and September 30, 2016. That same day, Agent Anthony Anderson, a member of the Illinois State Police Narcotics and Currency Interdiction Task Force, submitted a sworn complaint for a search warrant with the court seeking access to a Kendall County residence that was affiliated with the defendant. On November 2, 2016, Anderson submitted a second complaint for a search warrant seeking access to a UPS store, which contained shipping items that the State believed would connect the defendant to an illicit online enterprise.

¶ 4	On March 2, 2018, the defendant moved to suppress any evidence procured during the execution of the search warrants, attacking the propriety of the issuance of the warrants. The motion to suppress was denied. In June 2022, pursuant to the defendant's motion *in limine*, the court barred expert witness testimony due to untimely disclosure. The State filed an interlocutory appeal on July 13, 2022. This court reversed the circuit court's judgment and remanded for further proceedings. *People v. Dewey*, 2023 IL App (3d) 220285-U, ¶ 36.

¶ 5	Following remand, the case proceeded to a bench trial on October 30, 2023. The State's first witness was Anderson. On his third day of testimony, Anderson began to answer questions regarding the execution of the October 19, 2016, search warrant. Defense counsel raised a relevancy objection to the testimony, arguing that the defendant was not charged with any conduct from October 2016 and anything arising from that warrant would be a Kendall County matter. The defendant was charged with conduct alleged to have occurred in June, July, and September 2016. The prosecutor responded that the case was like "long-term narcotics investigations, when [they]

2

do a number of street buys, and then months or long periods of time later would execute a search warrant on a residence," which could yield evidence that was relevant to earlier conduct such as business, phone, and computer records related to ongoing purchases.

¶ 6          In response, defense counsel stated:

> "Judge, I don't think you can go a long time, because, otherwise, there's not a basis for a search warrant. So I'm not sure where he's going with that.
>
> But there is nothing—we've already gone through all these transactions, all the records they have, and—pertaining to it, and the actual transactions themself, and the substances involved. There's nothing else that would come, you know, months later that would be indicative of something that happened in June, July, and September. This is just an attempt to try to dirty up [the defendant] with things that are not relevant material to these particular charges."

The prosecutor declared that arguments advanced by defense counsel should have been argued in a motion to suppress. The prosecutor further explained to the court that the evidence recovered from the residence "[would] show that he was operating a business out of that residence." Additionally, the evidence, which included the types of items located in the residence, records of the purchase of large quantities of those items, and the ongoing sale of those items, was necessary circumstantial evidence of the defendant's state of mind.

¶ 7          After a short recess, the court sustained the objection, stating:

> "The Court sees in this instance the issue of a search warrant that was executed three weeks after the date of the last charged offense in this case. And the Court believes that it is tantamount to subsequent bad acts, other bad acts, which is—would be no different than prior or other bad acts in this case that would not be

admissible for the purpose of establishing propensity. Which, it seems to me that the testimony that would come out of that search warrant, based on the arguments of counsel, is likely to touch upon inadmissible propensity evidence and would be more prejudicial than probative. And so I'm going to sustain the objection."

On November 2, 2023, the State filed a notice of appeal and certificate of substantial impairment. Defense counsel argued that the State could not appeal the court's ruling, as it was not a suppression order but an evidentiary ruling on an evidentiary objection made by the defendant. The State was allowed to file the appeal.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, the State argues that the court erred in entertaining the defendant's midtrial objection that sought to suppress legally obtained, relevant, material evidence. At the outset, we have a duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *People v. Garcia*, 2015 IL App (1st) 131180, ¶ 65. In criminal trials, the State has a limited right to appeal from interlocutory orders that have the substantive effect of, *inter alia*, suppressing evidence. Ill. S. Ct. R. 604(a)(1) (eff. Oct. 19, 2023). Pretrial orders suppressing evidence are generally appealable; however, midtrial orders resulting in the suppression of evidence operate under different rules, "because such orders have a disruptive effect on ongoing trials and burden the defendant." *People v. Phillips*, 2011 IL App (2d) 101142, ¶ 12. A midtrial order "suppressing evidence," within the meaning of Rule 604(a)(1),

> "is one in which the evidence is suppressed and denied admittance because it was illegally obtained in violation of a constitutional or statutory right, or even though lawfully obtained, its admittance is to be denied because of a statutory prohibition or the violation of a court rule or some other grounds besides the recognized rules

4

concerning the admission of evidence." *People v. Johnson*, 113 Ill. App. 3d 367, 373-74 (1983).

Orders that exclude evidence based on a recognized rule governing the admission of evidence are not appealable under Rule 604. See *People v. Flatt*, 82 Ill. 2d 250, 258 (1980) ("it is suppression orders, as distinguished from evidentiary rulings, that are appealable by virtue of Rule 604"); *People v. Benda*, 124 Ill. App. 3d 950, 953 (1984) (evidence excluded on relevancy grounds was not appealable); *Johnson*, 113 Ill. App. 3d at 374 (considering an objection to the admission of evidence on evidentiary grounds as a motion to suppress under Rule 604 would prohibit the court from considering the merits of any objection seeking to admit evidence during trial).

¶ 10       Here, the court's ruling was based on evidentiary grounds. Specifically, the court found that the evidence was tantamount to subsequent bad acts that would likely include inadmissible propensity evidence and would be more prejudicial than probative. The admission of evidence of other bad acts or crimes is governed by Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011). It is within the court's discretion to determine whether other-acts evidence is relevant to a material issue and whether its probative value is substantially outweighed by its prejudicial effect. *People v. Sims*, 2019 IL App (3d) 170417, ¶ 29. The correctness of the court's ruling on the admissibility of the evidence does not change the fact that its ruling was evidentiary and therefore not within the rule permitting the State to bring an interlocutory appeal. We, therefore, do not have jurisdiction to hear the State's appeal and must dismiss the appeal.

¶ 11       In reaching this conclusion, we reject the State's contention that the arguments advanced by the defendant at trial demonstrate that the objection was not based on any criteria related to the truthfulness, relevancy, or reliability of the evidence but based on constitutional grounds subject to an interlocutory appeal. The record demonstrates that the defendant objected to the admission

5

of the evidence based on relevance, arguing that the evidence and records concerning the dates of the charged offenses had previously been admitted into evidence and the inclusion of records from "months later" was "just an attempt to try to dirty up [the defendant] with things that are not relevant material to these particular charges." The defendant's mention of any constitutional issues was brief, in response to the State's argument, and only amounted to additional argument. The defendant continued to argue the relevancy of the evidence, and the court ultimately excluded the evidence on the evidentiary grounds argued by the defendant.

¶ 12                                    III. CONCLUSION

¶ 13          For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

¶ 14          Appeal dismissed.

*People v. Dewey*, 2025 IL App (3d) 230611

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 16-CF-2230; the Hon. Vincent F. Cornelius, Judge, presiding. |
| **Attorneys for Appellant:** | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | Chuck Bretz, of Chuck Bretz & Associates, P.C., of Joliet, for appellee. |